**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ricardo GONZALEZ, Defendant—
Appellant.**

No. 07–30098.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 2008.

Filed Aug. 7, 2008.

Thomas J. Hanlon, Office of the U.S. Attorney Yakima, WA, for Plaintiff–Appellee.

Before: B. FLETCHER, PAEZ, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Defendant Gonzalez appeals his conviction for Possession of a Firearm and Am-

---

* This disposition is not appropriate for publication and is not precedent except as provided

munition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ First, the district court did not err in denying Gonzalez's motion to suppress the seized gun. That Officer Garcia asked a few questions of the vehicle's passengers that went beyond the scope of what was necessary for issuing a citation did not, without more, violate Gonzalez's Fourth Amendment rights. *See Muehler v. Mena,* 544 U.S. 93, 101, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005); *United States v. Mendez,* 476 F.3d 1077, 1080 (9th Cir.2007). Moreover, Officer Garcia's brief and apparently unintentional prolongation of the traffic stop by running the passengers' names through the "wants and warrants" database was not unreasonable under the circumstances. *See United States v. Turvin,* 517 F.3d 1097, 1103 (9th Cir.2008).

Second, Gonzalez concedes that Officer Garcia's search of the passenger compartment of the vehicle, including the unlocked glove box, was a lawful search incident to the arrest of passenger Rivera under *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). *See United States v. Weaver,* 433 F.3d 1104, 1106 (9th Cir.2006).

■ Third, the district court did not abuse its discretion and did not violate Gonzalez's rights under the Confrontation Clause by barring Gonzalez from cross-examining government witness Davila. Davila's cooperation agreement with state authorities concerning an unrelated crime was not relevant to Gonzalez's federal criminal case. *See United States v. James,* 139 F.3d 709, 713 (9th Cir.1998). Moreover, the fact of Davila's arrest, combined with her inconsistent testimony as to her knowledge about the gun, left the jury

with sufficient information to assess her credibility. *See id.*

■ Finally, the district court did not err in enhancing Gonzalez's offense level under United States Sentencing Guidelines § 2K2.1(a)(4)(A) on the ground that his prior conviction for residential burglary under section 9A.52.025(1) of the Revised Code of Washington constituted a "crime of violence." While a Washington residential burglary conviction is not categorically a "burglary of a dwelling" (and thus a "crime of violence" under U.S.S.G. § 4B1.2(a)(2)), *see United States v. Wenner,* 351 F.3d 969, 972–73 (9th Cir.2003), the district court properly applied the modified categorical approach under *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), in concluding that Gonzalez's prior residential burglary conviction did, in fact, constitute a "burglary of a dwelling." The Information alleged that Gonzalez had "entered or remained unlawfully in a dwelling other than a vehicle, located at 480 Coe Road, Wapato, Washington, the residence of Shawn Klingele." Gonzalez admitted the truthfulness of the allegation in his guilty plea. *See United States v. Rodriguez–Rodriguez,* 393 F.3d 849, 857 (9th Cir. 2005). On the basis of this admission, the district court properly determined that Gonzalez had burglarized a "building or structure" and thus had been convicted of a "burglary of a dwelling." *See United States v. Guerrero–Velasquez,* 434 F.3d 1193, 1197 (9th Cir.2006). Accordingly, the enhancement under U.S.S.G. § 2K2.1(a)(4)(A) was warranted.

**AFFIRMED.**