# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

RICARDO GONZALEZ,
            *Defendant-Appellant.*

No. 07-30098

D.C. No.
CR-06-02112-EFS

OPINION

On Remand From The United States Supreme Court

Filed August 24, 2009

Before: Betty B. Fletcher, Richard A. Paez and
N. Randy Smith, Circuit Judges.

Opinion by Judge B. Fletcher

**COUNSEL**

Rebecca L. Pennell, Federal Defenders of Eastern Washington and Idaho, Yakima, Washington, for the defendant-appellant.

James A. McDevitt, United States Attorney, and Thomas J. Hanlon (argued), Assistant United States Attorney, Yakima, Washington, for the plaintiff-appellee.

**OPINION**

B. FLETCHER, Circuit Judge:

We review this appeal for the second time on remand from the United States Supreme Court. The Court on May 4, 2009

granted certiorari, and vacated and remanded our disposition for further consideration in light of its recent decision in *Arizona v. Gant*, 129 S. Ct. 1710 (2009). We hold that *Gant* requires that Appellant Ricardo Gonzalez's motion to suppress be granted and, therefore, Gonzalez's conviction be reversed.

Gonzalez had previously been convicted of Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). Gonzalez's conviction resulted from a firearm found during a June 19, 2006 traffic stop of a car in which Gonzalez was riding. The police, following the arrest of another passenger for out-standing warrants, searched the passenger compartment of the car and discovered a loaded 9 millimeter Beretta firearm inside the glovebox. Gonzalez filed a motion to suppress, asserting the search of the car violated his Fourth Amendment rights, which the district court denied. Following his conviction on November 28, 2006, Gonzalez appealed his conviction and sentence, asserting in part that the denial of his motion to suppress was in error. We affirmed the district court on all aspects of the appeal. *United States v. Gonzalez,* 290 Fed. Appx. 51 (9th Cir. Aug. 7, 2008). Our ruling affirming denial of the motion to suppress rested on the Supreme Court's holding in *New York v. Belton*, 453 U.S. 454, 460 (1981), which has been read by our court as permitting a warrantless vehicle search incident to the arrest of an occupant of the vehicle. *Gonzalez,* 290 Fed. Appx. at 52; *see United States v. Weaver*, 433 F.3d 1104, 1106 (9th Cir. 2006) ("Applying the *Belton* rule, we have held that a warrantless automobile search will be valid if it is 'roughly contemporaneous with the arrest.' ").

In *Gant*, the Court affirmed the Arizona Supreme Court's holding that the broad reading of *Belton* by our and other courts was error. Reading *Belton* more narrowly, the Court announced as the rule for vehicle searches incident to arrest: "Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the

passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies." *Gant,* 129 S. Ct. at 1723-24. The Government concedes that, under the Supreme Court's current reading of *Belton* stated in *Gant*, the search of Gonzalez's vehicle was improper because Gonzalez was handcuffed and secured in a patrol vehicle at the time of the search of the vehicle. However, the Government asserts nonetheless that the search was in good faith under the then-prevailing interpretation of *Belton* and that, therefore, the exclusionary rule should not be applied.

[1] The Government's assertion is not directly supported by our current case law. The Government relies on the Supreme Court's recent decision in *Herring v. United States*, 129 S. Ct. 695 (2009), which applied the good faith exception of *United States v. Leon*, 468 U.S. 897 (1984), in holding that whether the exclusionary rule should be applied to a search in violation of the Fourth Amendment "turns on the culpability of the police and the potential of exclusion to deter wrongful police conduct." *Herring*, 129 S. Ct. at 698. Neither the Supreme Court nor our court, however, has applied the good faith exception to the scenario we face: a search conducted under a then-prevailing interpretation of a Supreme Court ruling, but rendered unconstitutional by a subsequent Supreme Court ruling announced while the defendant's conviction was on direct review. The cases the Government relies on involve application of the good faith exception to searches conducted in reliance on a warrant held invalid following the search; *see, e.g.*, *Herring* 129 S. Ct. at 698; or a statute or regulation subsequently found unconstitutional during direct review of the defendant's conviction; *see, e.g.*, *Illinois v. Krull*, 480 U.S. 340 (1987); *United States v. Peltier*, 422 U.S. 531 (1975); *United States v. Meek*, 366 F.3d 705 (9th Cir. 2004).

**[2]** We conclude, however, that this case should be controlled by long-standing precedent governing the applicability of a new rule announced by the Supreme Court while a case is on direct review. The Court has held that "a decision of this Court construing the Fourth Amendment is to be applied retroactively to all convictions that were not yet final at the time the decision was rendered." *United States v. Johnson*, 457 U.S. 537, 562 (1982); *see Griffith v. Kentucky*, 479 U.S. 314, 328 (1987) (finding that even decisions constituting a "clear break" with past precedent have retroactive application). This precedent requires us to apply *Gant* to the current case without the overlay of an application of the good faith exception. To hold that *Gant* may not be fully applied here, as the Government urges, would conflict with the Court's retroactivity precedents.

**[3]** Such a ruling would undermine the rationale of *Johnson* and *Griffith*. As stated in *Griffith*, "failure to apply a newly declared constitutional rule to criminal cases pending on direct review violates basic norms of constitutional adjudication." 479 U.S. at 314. It would violate "the integrity of judicial review" by turning the court into, in effect, a legislative body announcing new rules but not applying them, rather than acting in our proper role as an adjudicative body deciding cases. It also would "violate[ ] the principle of treating similarly situated defendants the same" by allowing only one defendant to be the beneficiary of a newly announced rule. *Id.* at 322-23. In *Gant*, the Supreme Court upheld in full the decision of the Arizona Supreme Court, which not only found the search at issue unconstitutional, but ordered the suppression of the evidence found as a result of the unconstitutional search. *See Gant*, 129 S. Ct. at 1724; *State v. Gant*, 162 P.3d 640, 646 (Ariz. 2007). Hence, refusal to allow Gonzalez similarly to benefit from the Court's ruling in *Gant* through application of the exclusionary rule would implicate the same concerns mandating the Court's holding in *Griffith*.[1]

---

[1]We are concerned here with the Fourth Amendment rights of the defendant. We do not consider whether the police officers are entitled to qualified immunity in a 42 U.S.C. § 1983 civil rights action.

**[4]** Because both *Johnson* and *Griffith* remain binding precedent, we cannot apply the good faith exception here without creating an untenable tension within existing Supreme Court law. We, therefore, hold that evidence derived from the search at issue must be suppressed and reverse Gonzalez's conviction.[2]

**REVERSED AND REMANDED.**

---

[2]To the extent that our opinion conflicts with our previous holding in *United States v. Osife*, 398 F.3d 1143 (9th Cir. 2005), we decline to follow *Osife* in light of the Supreme Court's decision in *Gant*. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (holding that "a three-judge panel of this court and district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled").