**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Froylan CONTRERAS, Defendant—Appellant.**

No. 08–30247.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2009.*

Filed Oct. 9, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: D.W. NELSON, SILVERMAN, and IKUTA, Circuit Judges.

MEMORANDUM **

Froylan Contreras appeals the district court's order denying his motion to suppress. Because the district court did not clearly err in finding that the contraband at issue inevitably would have been discovered, we affirm.

"We review *de novo* motions to suppress, and any factual findings made at the suppression hearing for clear error." *United States v. Negrete–Gonzales*, 966 F.2d 1277, 1282 (9th Cir.1992). "[I]nevitable discovery rulings are mixed questions [of law and fact] that ... should be reviewed under a clearly erroneous standard." *United States v. Lang*, 149 F.3d 1044, 1048 (9th Cir.1998).

In appealing the district court's denial of his motion to suppress, Contreras challenges the district court's conclusions that (1) the search of the car Contreras was driving prior to his arrest was proper under the Fourth Amendment, and (2) the contraband discovered during that search inevitably would have been discovered when police impounded the car from the shoulder of the freeway and inventoried its contents.

We hold that the search of Contreras' car violated the Fourth Amendment because Contreras was not within reaching distance of the passenger compartment at

Alexander C. Ekstrom, Assistant U.S., USYA–Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Suzanne Lee Elliott, Esquire, Law Offices of Suzanne Lee Elliott, Seattle, WA, for Defendant–Appellant.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the time of the search and it was not reasonable for police to believe that the car contained evidence of Contreras' offense. *Arizona v. Gant,* — U.S. —, —, 129 S.Ct. 1710, 1723, 173 L.Ed.2d 485 (2009). (The district court did not have the benefit of the Supreme Court's decision in *Gant* when it denied Contreras's motion to suppress.) The searching officer's good faith reliance on *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), does not cure this violation. *United States v. Gonzalez,* 578 F.3d 1130, 1132–33 (9th Cir.2009).

█ Nonetheless, we affirm the ruling below because the district court did not clearly err in finding that police inevitably would have discovered the contraband at issue. Evidence otherwise subject to exclusion may be admitted "if the government [can] prove 'by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means.'" *Lang,* 149 F.3d at 1047 (quoting *Nix v. Williams,* 467 U.S. 431, 444, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984)). Washington law states that "[w]hen a driver of a vehicle is arrested for ... [d]riving while license suspended or revoked ... the arresting officer may, in his/her own discretion, considering reasonable alternatives, cause the vehicle to be impounded." WASH. ADMIN. CODE § 204–96–010.

Testimony in the record supports the district court's findings that (1) even if the search at issue had not taken place, the officer on the scene would have lawfully exercised his discretion to impound the car Contreras was driving from the shoulder of the freeway because it posed a danger to other motorists; (2) once the car was impounded, officers would have searched the passenger compartment to inventory its contents; and (3) during this inventory search, officers would have discovered the contraband at issue.

**AFFIRMED.**