**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-30493 |
| Plaintiff - Appellee, | D.C. No. CR-07-00028-RHW |
| v. | |
| DEAN RUSSELL SHELTON, | MEMORANDUM [*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-30494 |
| Plaintiff - Appellant, | D.C. No. CR-07-00028-RHW |
| v. | |
| DEAN RUSSELL SHELTON, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Argued and Submitted November 18, 2008
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: KOZINSKI, Chief Judge, B. FLETCHER and RAWLINSON, Circuit Judges.

Defendant Dean Russell Shelton appeals his conviction for possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). The Government cross-appeals Shelton's sentence. We have jurisdiction under 28 U.S.C. § 1291.

Shelton challenges his conviction on two grounds: 1) his motion to suppress filed below was denied in error and 2) there was insufficient evidence presented at trial to justify his conviction. We review a district court's determination of a motion to suppress as to issues of law *de novo* and as to issues of fact for clear error. *United States v. Jensen*, 425 F.3d 698, 704 (9th Cir. 2005). We hold that the district court committed an error of law in denying Shelton's motion to suppress, thereby requiring reversal of his conviction. As we hold that this error requires reversal of his conviction, we do not reach Shelton's insufficient evidence ground for reversal and deny the Government's cross appeal as moot.

On January 6, 2007, the police found a firearm in a vehicle registered to and occupied by Shelton during a warrantless search. The search of Shelton's vehicle followed his and his co-occupant's arrest and removal from the vehicle for refusal to cooperate and for an outstanding arrest warrant, respectively. The police found a handgun behind the driver-side inner door panel. Shelton filed a motion to

suppress, asserting in part that neither the initial stop of the vehicle nor the subsequent search were justified. The district court denied the motion in pertinent part. The district court found the search proper under the United States's Supreme Court's ruling in *New York v. Belton*, 453 U.S. 454, 460 (1981). At that time, we read *Belton* as permitting a warrantless vehicle search incident to the arrest of an occupant of the vehicle. *See United States v. Weaver*, 433 F.3d 1104, 1106 (9th Cir. 2006) ("Applying the *Belton* rule, we have held that a warrantless automobile search will be valid if it is 'roughly contemporaneous with the arrest.'" (quoting *United States v. Smith*, 389 F.3d 944, 951 (9th Cir. 2004))).

We stayed the current appeal pending the Supreme Court's decision in *Arizona v. Gant*, 129 S. Ct. 1710 (2009), reviewing the Arizona Supreme Court's holding that the broad reading of *Belton* taken by our and other courts was in error. The Court affirmed the Arizona Supreme Court and announced as the rule applicable to vehicle searches incident to arrest:

> Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.

*Id.* at 1723-24.

The Government concedes that, applying the rule stated in *Gant*, the search of Shelton's vehicle was improper because Shelton was secured at the time of the search. The Government's sole argument against suppression of the fruits of the search and reversal of Shelton's conviction is its assertion that the search was in good faith under the then-prevailing interpretation of *Belton* and that, therefore, the exclusionary rule should not be applied. This argument was rejected in our recent opinion in *United States v. Gonzalez*, 578 F.3d 1130, 1132-33 (9th Cir. 2009), *reh'g en banc denied*, __ F.3d __, 2010 WL 917204 (9th Cir. Mar. 16, 2010). We therefore hold that evidence derived from the search at issue must be suppressed and reverse Shelton's conviction.

**REVERSED AND REMANDED.**