**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE MANUEL AVENDANO, AKA
Manuel Avendano, AKA Jose Avendano,

Defendant - Appellant.

No. 08-50505

D.C. No. 2:08-cr-00424-ODW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted March 1, 2010
Pasadena, California

Before: RYMER and WARDLAW, Circuit Judges, and KENNELLY,[**] District
Judge.

Jose Manuel Avendano entered a conditional guilty plea to a one-count

indictment charging possession with intent to distribute cocaine, in violation of 21

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]        The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

U.S.C. § 841 (a) and (b), following the denial of his motion to suppress evidence found during a vehicle search upon his arrest. We have jurisdiction under 28 U.S.C. § 1291, and review the lawfulness of a search and the denial of a motion to suppress *de novo*. *United States v. Ruckes,* 586 F.3d 713, 716 (9th Cir. 2009). We reverse.

Police officers stopped Avendano after they saw him park and exit a vehicle that was missing its front license plate. After Avendano failed to produce identification, an officer discovered an outstanding warrant for his arrest for driving on a suspended license. An officer then arrested Avendano and placed him in the back of a patrol car, stationed roughly thirty yards away from his vehicle. Another officer searched Avendano's vehicle and discovered four large bricks of cocaine. The district court correctly applied then controlling law, and denied Avendano's motion to suppress on search incident to arrest grounds. *See Thornton v. United States*, 541 U.S. 615, 623 (2004); *New York v. Belton*, 453 U.S. 454, 462 (1981). However, while this case was pending on appeal, the Supreme Court decided *Arizona v. Gant*, 129 S. Ct. 1710 (2009), which held that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* at

2

1723.  We conclude, as the government concedes, that *Gant* requires us to reverse the district court's denial of the motion to suppress on this basis.

The government argues that we should affirm the district court because the search was conducted in good faith reliance on then existing law.  However, we cannot affirm under the good faith exception because we must retroactively apply Supreme Court decisions "'to all convictions that were not yet final at the time the decision was rendered.'"  *United States v. Gonzalez*, 578 F.3d 1130, 1132 (9th Cir. 2009) (quoting *United States v. Johnson*, 457 U.S. 537, 562 (1982)).  Therefore, the good faith exception is an inappropriate basis upon which to affirm the district court.

As an alternative argument in opposition to the motion to suppress, the government fully briefed and argued that the search was lawful under the inevitable discovery doctrine because police officers could have lawfully impounded the vehicle and would then have discovered the cocaine during an ensuing inventory search.  We have "emphasiz[ed] . . . that the inevitable discovery doctrine will not always save a search that has been invalidated under *Gant*.  The government is still required to prove, by a preponderance of the evidence, that there was a lawful alternative justification for discovering the evidence . . . ."  *Ruckes*, 586 F.3d at 719.  To meet that burden in the context of an inventory

3

search, the government must establish: (1) lawful impoundment of the vehicle; (2) standardized local inventory search procedure; and (3) compliance with that procedure. *See South Dakota v. Opperman*, 428 U.S. 364, 368-69, 375-76 (1976); *United States v. Bowhay*, 992 F.2d 229, 230 (9th Cir. 1993); *United States v. Wanless*, 882 F.2d 1459, 1463 (9th Cir. 1989). The government concedes that it failed to meet its burden of proving a standardized local procedure and compliance with that procedure. Because of the government's failure of proof, we cannot affirm the district court on the alternative ground of inevitable discovery. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976). Therefore, because Avendano's guilty plea was explicitly conditioned upon the right to seek review of the adverse determination of his motion to suppress evidence, and because we must reverse that decision, we vacate and remand to the district court with instructions that Avendano be allowed to withdraw his guilty plea and for further proceedings consistent with this disposition.

**REVERSED; VACATED; and REMANDED**.