UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-30493 |
| Plaintiff - Appellee, | D.C. No. CR-07-00028-RHW |
| | Eastern District of Washington, |
| v. | Spokane |
| DEAN RUSSELL SHELTON, | |
| Defendant - Appellant. | ORDER |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-30494 |
| Plaintiff - Appellant, | D.C. No. CR-07-00028-RHW |
| v. | |
| DEAN RUSSELL SHELTON, | |
| Defendant - Appellee. | |

Before: KOZINSKI, Chief Judge, B. FLETCHER and RAWLINSON, Circuit Judges.

On April 5, 2010, and again on July 22, 2010, we granted the Government's motion to stay the mandate in these appeals while the Solicitor General pursued a writ of certiorari in *United States v. Gonzalez*, 578 F.3d 1130, 1132–33 (9th Cir. 2009), reh'g en banc denied, 598 F.3d 1095 (9th Cir. 2010). The Supreme Court

granted certiorari, vacated the judgment and remanded *Gonzalez* for further consideration in light of its recent opinion in *Davis v. United States*, 131 S. Ct. 2419 (2011). *United States v. Gonzalez*, --- S.Ct. ----, 2011 WL 2518818 (June 27, 2011). In light of these developments, we lift the stay and withdraw our memorandum disposition filed on March 29, 2010 and published at 374 Fed. Appx. 736 (9th Cir. 2010). A new memorandum disposition will be filed separately.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 12 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-30493 |
| Plaintiff - Appellee, | D.C. No. CR-07-00028-RHW |
| v. | |
| DEAN RUSSELL SHELTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-30494 |
| Plaintiff - Appellant, | D.C. No. CR-07-00028-RHW |
| v. | |
| DEAN RUSSELL SHELTON, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Argued and Submitted November 18, 2008
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Withdrawn April 5, 2010
Resubmitted June 28, 2011

Before: KOZINSKI, Chief Judge, B. FLETCHER and RAWLINSON, Circuit Judges.

Defendant Dean Russell Shelton appeals his conviction for possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). The Government cross-appeals Shelton's sentence. We have jurisdiction under 28 U.S.C. § 1291.

Shelton challenges his conviction on two grounds: 1) his motion to suppress filed below was denied in error and 2) there was insufficient evidence presented at trial to justify his conviction. We review a district court's determination of a motion to suppress as to issues of law *de novo* and as to its findings of fact for clear error. *United States v. Jensen*, 425 F.3d 698, 704 (9th Cir. 2005).

On January 6, 2007, the police found a firearm in a vehicle registered to and occupied by Shelton during a warrantless search. The police searched the vehicle after arresting Shelton and his passenger and removing them from the vehicle. The police found a handgun behind the panel of the driver-side inner door. Shelton filed a motion to suppress, asserting in part that neither the initial stop of the vehicle nor the subsequent search were justified. The district court denied the motion, finding the search proper under the United States's Supreme Court's ruling

2

in *New York v. Belton*, 453 U.S. 454, 460 (1981).  At that time, we read *Belton* as permitting a warrantless vehicle search incident to the arrest of an occupant of the vehicle.  *See United States v. Weaver*, 433 F.3d 1104, 1106 (9th Cir. 2006) ("Applying the *Belton* rule, we have held that a warrantless automobile search will be valid if it is 'roughly contemporaneous with the arrest.'" (quoting *United States v. Smith*, 389 F.3d 944, 951 (9th Cir. 2004))).

We stayed the current appeal pending the Supreme Court's decision in *Arizona v. Gant*, 129 S. Ct. 1710 (2009), reviewing the Arizona Supreme Court's holding that the broad reading of *Belton* taken by our and other courts was in error. The Court affirmed the Arizona Supreme Court and announced as the rule applicable to vehicle searches incident to arrest:

> Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest.  When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.

*Id.* at 1723-24.

The Government conceded that, applying the rule stated in *Gant*, the search of Shelton's vehicle was improper because Shelton was secured at the time of the search.  The Government, however, argued that the search was in good faith under

3

the then-prevailing interpretation of *Belton* and that, therefore, the exclusionary rule should not be applied. This argument was rejected in our opinion in *United States v. Gonzalez*, 578 F.3d 1130, 1132–33 (9th Cir. 2009), reh'g en banc denied, 598 F.3d 1095 (9th Cir. 2010). We stayed the case a second time while the Government's sought certiorari in *Gonzalez*. Recently, the Court granted certiorari, vacated the judgment and remanded *Gonzalez* for further consideration in light of its recent opinion in *Davis v. United States*, 131 S. Ct. 2419 (2011). *United States v. Gonzalez*, --- S.Ct. ----, 2011 WL 2518818 (June 27, 2011).

In *Davis*, the Court held that the good-faith exception applies to searches conducted in reliance on binding precedent:

> It is one thing for the criminal "to go free because the constable has blundered." *People v. Defore*, 242 N.Y. 13, 21, 150 N.E. 585, 587 (1926) (Cardozo, J.). It is quite another to set the criminal free because the constable has scrupulously adhered to governing law. Excluding evidence in such cases deters no police misconduct and imposes substantial social costs. We therefore hold that when the police conduct a search in objectively reasonable reliance on binding appellate precedent, the exclusionary rule does not apply.

*Id.* at 2434.

*Davis* is dispositive of Shelton's Fourth Amendment argument. We therefore affirm the district court's denial of the motion to suppress.

4

Shelton also challenges the sufficiency of the evidence that he knowingly had possession of the handgun. *See* 18 U.S.C. § 922(g)(1); *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). Viewing the evidence in the light most favorable to the prosecution, we conclude that "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). The police found the handgun in Shelton's car, easily accessible behind a loose panel of the driver-side inner door. Shelton occupied the driver's seat prior to and at the time of the arrest. Shelton claims that his passenger had been seen recently alone in the car, but the accuracy of that testimony is questionable. In any event, a reasonable jury could find that Shelton, and not his passenger, was in knowing possession of the gun. *See United States v. Merriweather*, 777 F.2d 503, 505, 507 (9th Cir.1985) (holding that the presence of a shotgun hidden in defendant's car was sufficient to show possession despite the fact that another person had access to the car), *cert. denied*, 475 U.S. 1098 (1986). Shelton's conviction is affirmed.

Finally, we address the Government's challenge to Shelton's sentence. We review the legality of a sentence *de novo*. *United States v. Avila-Anguiano*, 609 F.3d 1046, 1049 (9th Cir. 2010). We agree that the district court erred when it held that, to be part of the sentencing calculus, prior convictions must be alleged in the

5

indictment.  *See Almendarez–Torres v. United States*, 523 U.S. 224, 243–47

(1998).  We therefore reverse and remand for resentencing.  On remand, the district

court should address Shelton's argument that his prior convictions do not qualify

as predicate offenses under the Armed Career Criminal Act.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**