**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-30098 |
| Plaintiff - Appellee, | D.C. No. CR-06-02112-EFS |
| v. | |
| RICARDO GONZALEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

On Remand from the United States Supreme Court

Before: B. FLETCHER, PAEZ, and N.R. SMITH, Circuit Judges.

We review this appeal for the third time, on remand a second time from the

United States Supreme Court. On June 27, 2011, the Court granted certiorari,

vacated, and remanded the case for further consideration in light of its recent

decision in *Davis v. United States*, 131 S. Ct. 2419 (2011). At issue is defendant -

appellant Gonzalez's conviction for Possession of a Firearm and Ammunition by a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gonzalez's conviction resulted from a firearm found when the police stopped a car in which Gonzalez was a passenger. The police, following the arrest of another passenger for out-standing warrants, searched the passenger compartment of the car and discovered a loaded 9 millimeter Beretta firearm inside the glovebox. Gonzalez filed a motion to suppress, asserting the search of the car violated his Fourth Amendment rights, which the district court denied. Following his conviction, Gonzalez appealed both his conviction and sentence.

We affirmed the district court on all aspects of the appeal. *United States v. Gonzalez,* 290 Fed. App'x 51 (9th Cir. 2008). We affirmed the denial of the motion to suppress based on our court's application of the Supreme Court's holding in *New York v. Belton*, 453 U.S. 454, 460 (1981). *See United States v. Weaver*, 433 F.3d 1104, 1106 (9th Cir. 2006) (permitting a warrantless vehicle search incident to the arrest of an occupant of the vehicle). Gonzalez petitioned for a writ of certiorari.

On April 21, 2009, the Supreme Court in *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710 (2009), held that the broad reading of *Belton* by our court and other

courts was in error. Reading *Belton* more narrowly, the Court announced as the rule for vehicle searches incident to arrest:

> Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.

*Gant,* 129 S. Ct. at 1723-24.

The Supreme Court granted Gonzalez's certiorari petition, vacated our panel's decision, and remanded to us "for further consideration in light of *Arizona v. Gant.*" *Quintana v. United States*, 129 S. Ct. 2156 (2009) (citation omitted). We applied *Gant* and rejected the government's argument that suppression was not warranted in light of the good faith exception to the exclusionary rule. *See United States v. Gonzalez*, 578 F.3d 1130, 1132–33 (9th Cir. 2009), *rehearing denied*, 598 F.3d 1095 (9th Cir. 2010). Following our opinion, the government filed a certiorari petition with the Supreme Court.

On June 16, 2011, the Supreme Court decided *Davis v. United States*, 131 S. Ct. 2419 (2011), holding that "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule," even when that appellate precedent is later overruled. *Davis*, 131 S. Ct. at 2423-

3

2324, 2434. The Court granted the government's petition, vacated our panel's decision for a second time, and remanded for us to consider our decision in light of *Davis*. *United States v. Gonzalez,* --- S. Ct. ----, 2011 WL 2518818 (2011).

On remand, Gonzalez argues that *Davis* is distinguishable. Gonzalez claims that he is functionally equivalent to a party to the *Gant* decision because his petition for certiorari was pending at the same time that *Gant* was under review by the Court, whereas in *Davis* the case was merely pending appellate review at the time the Court decided *Gant*. We do not think this distinction matters.

The Supreme Court in *Davis* responded to a similar argument and denied the remedy of suppression because the defendant was not the petitioner in a case that resulted in the overruling of one of the Supreme Court's Fourth Amendment precedents. *Davis*, 131 S. Ct. at 2433–2434.[1] The Court allowed that

> in a future case, we could, if necessary, recognize a limited exception to the good-faith exception for a defendant who obtains a judgment over-ruling one of our Fourth Amendment precedents. But this is not such a case. Davis did not secure a decision overturning a Supreme Court precedent; the police in his case reasonably relied on binding Circuit precedent.

---

[1] In *Gant*, the Court did not grant the defendant the remedy of suppression. Rather, the Arizona Supreme Court ordered suppression because it held the police search of the automobile incident to arrest in that case was unreasonable under *Belton* and *Chimel v. California*, 395 U.S. 752 (1969), and the United States Supreme Court affirmed. *Gant,* 129 S. Ct. at 1714–16.

4

*Davis*, 131 S. Ct. at 2434 (citations omitted). The facts in *Davis*, and the Supreme Court's holding, are on all fours with this case. Gonzalez did not secure a decision overturning a Supreme Court precedent. And there is no dispute that the police search here complied with binding Ninth Circuit precedent that was later overruled by the Supreme Court's decision in *Gant*.

Because the search of the vehicle in which Gonzalez was a passenger was permissible under binding circuit precedent at the time it occurred, we must apply *Davis* and affirm the district court's denial of the motion to suppress, as well as Gonzalez's conviction.

**AFFIRMED.**