No. 48,134

STATE OF KANSAS, *Appellee,* v. HERBERT RAY JONES, *Appellant*

(551 P. 2d 801)

Opinion filed June 12, 1976.

*Robert J. Foster,* of Kansas City, argued the cause and was on the brief for the appellant.

*Philip L. Sieve,* chief deputy district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: Herbert Ray Jones took this appeal from his conviction of murder in the first degree. A codefendant, George Bright, was convicted of murder in the second degree, and that judgment was affirmed by this court. *State v. Bright,* 218 Kan. 476, 543 P. 2d 928.

The jury returned its verdict finding Herbert Ray Jones guilty of murder in the first degree on October 23, 1974. A motion for new trial was argued and overruled on October 31, 1974, on which date Jones was sentenced to life imprisonment by the trial court. Notice of appeal was filed on November 19, 1974, and thereafter the record and briefs were filed and the appeal was docketed in this court. The last brief was filed February 19, 1976. The matter was then set for oral argument on our May calendar.

Following oral argument we were advised that Herbert Ray Jones died on March 19, 1976 while serving the life sentence in the Kansas State Penitentiary. Our first consideration must be the effect, if any, of his death upon this appeal.

Many of the courts which have considered the matter have reached the conclusion that the death of a defendant during the pendency of his appeal from the conviction of a criminal offense abates the appeal and all proceedings had in the prosecution from its inception. *Durham v. United States,* 401 U. S. 481, 28 L. Ed. 2d 200, 91 S. Ct. 858; *Crooker v. United States,* 325 F. 2d 318 (8th Cir.); annotations in 83 ALR 2d 864 and 9 ALR 3d 462, 496. And, see, 24A C. J. S. Criminal Law § 1702, p. 3, and 21 Am Jur 2d, Criminal Law, § 608, p. 559. Our own cases have held that the death of a defendant pending appeal does not abate the judgment for costs, and this court has twice reviewed criminal proceedings after the death of the defendant-appellant, in order to determine the liability of the decedent's estate for costs of prosecution. *State v. Fisher, Adm'r.,* 37 Kan. 404, 15 Pac. 606; *State v. Ellvin,* 51 Kan. 784, 33 Pac. 547. Other courts have held that when the defendant dies following conviction and pending appeal, the appeal may be fully reviewed and decided. We find persuasive the following language from *Commonwealth v. Walker, Appellant,* 447 Pa. 146, 148 (Footnote), 288 A. 2d 741, 742:

". . . We . . . [believe] . . . that it is in the interest of both a defendant's estate and society that any challenge initiated by a defendant to the regularity or constitutionality of a criminal proceeding be fully reviewed and decided by the appellate process."

A defendant's conviction is at this stage in midair. The judgment of conviction is not final due to the pendency of an appeal. While death moots the sentence, renders impossible a new trial, and abates any fine imposed, the matter of costs remains. The state and the defendant (not to mention his family) have endured the strain, the tribulation and the expense of trial and appeal. Oftentimes rights other than those of an individual defendant are involved. The right to inherit, or to take by will or otherwise, may be affected. K. S. A. 1975 Supp. 59-513. The family of the defendant and the public have an interest in the final determination of a criminal case. We conclude, under the circumstances of this appeal, that this proceeding should be adjudicated upon the merits.

Four points are raised on this appeal: that the court erred first, in admitting into evidence a written statement taken from the defendant by law enforcement officers in the absence of his attorney; second, in failing to grant defendant's motion for discharge for violation of his right to a speedy trial; third, in refusing to instruct on lesser included offenses; and fourth, in refusing to grant his motion

for a mistrial on the ground that he was kept handcuffed all of one afternoon before the jury, without provocation.

Defendant's present counsel, Robert Foster, was retained on the day of defendant's arrest. On the following morning at approximately 7 o'clock a. m., the defendant stopped a jailer and informed him that he, Jones, would like to make a statement to the detectives. The jailer relayed this information to the detective bureau and later the same morning the defendant was transported to the detective bureau for questioning. Detective Al June, who conducted the interview, was aware that defendant was represented by counsel, and that he had previously refused to make any statement. At the commencement of the interview Detective June advised the defendant of his *Miranda* rights, including his "right to talk to a lawyer for advice before we ask you any questions, and to have him with you during questioning" and Detective June ascertained that the defendant fully understood his rights. The defendant signed a form indicating that he had been advised of his rights and that he understood them. At this point defendant stated that he did not then need his attorney, Mr. Foster. He wanted to go ahead and make a statement. The statement, exculpatory in nature and implicating his codefendant, George Bright, was then given. While the statement was in the process of being transcribed by a court reporter, defendant stated that he wished to consult with his attorney before signing the statement. He was not questioned further, and he did not sign the statement.

As we have noted, the defendant initiated the contact with the detectives which led to the statement. He was fully and repeatedly advised of his rights, including his right to counsel and to have his attorney present during questioning. The trial court held a *Jackson v. Denno* hearing, out of the presence of the jury, after which it concluded, "the . . . evidence before me was that he asked to make the statement; that he said he didn't want his attorney there; and that he wanted to make a statement. I think at least it's a submissible question to the jury. . . ." The statement was subsequently submitted to the jury, and no question is raised here relating to the court's instructions dealing with the statement.

The defendant testified at the trial substantially in accordance with the statement.

The right to have counsel present during police interrogation is one of those rights which the defendant is entitled to waive. *State v. Barry*, 216 Kan. 609, 533 P. 2d 1308; *State v. Melton*, 207 Kan.

700, 486 P. 2d 1361; *Miranda v. Arizona,* 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. Since a defendant has a constitutional right to proceed without counsel even during the *trial* of his case, where he voluntarily and intelligently elects to do so (*Faretta v. California,* 422 U. S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525 [1975]), he certainly may waive his right to counsel during pre-indictment in-custody interrogation. The trial court here conducted an extensive hearing on the voluntariness of the statement prior to its admission. The trial court's finding of voluntariness is binding upon us where, as here, it is supported by substantial competent evidence. *State v. Barry,* supra; *State v. Brown,* 217 Kan. 595, 601, 538 P. 2d 631; *State v. Creekmore,* 208 Kan. 933, 495 P. 2d 96. The evidence here clearly and fully supports the trial court's finding. We find no error in the admission of the statement.

The second point raised is that the trial court erred in overruling defendant's motion for discharge for the state's failure to comply with K. S. A. 22-3402 (1) which guarantees a defendant's constitutional right to a speedy trial. That statute provides that a person incarcerated shall be brought to trial within ninety days after arraignment or be discharged from custody. K. S. A. 22-3402 (3) (d), however, provides that the trial court may, in its discretion, grant a continuance for up to thirty days in the event that it finds that there is insufficient time within which to commence the trial of a case within the ninety-day period following arraignment. The trial court here originally scheduled the trial for October 7, 1974, well within the ninety-day statutory requirement. As a result of a crowded docket, the trial court *sua sponte* continued this case for thirty days. The continuance was timely. Trial commenced within the thirty-day extension, and approximately 94 days after arraignment. Defendant demonstrates no prejudice, and we discern none. Under this record it was not error for the court to deny defendant's motion for discharge.

The third claim of error is that the trial court erred in failing to instruct on lesser included offenses. The court instructed on murder in the first and second degrees, and defendant did not object to the instructions given nor did he request the giving of any additional instructions. The trial court's duty to instruct on a lesser included offense arises only where it is clearly required by the evidence and where the jury might have convicted the accused of a lesser crime had it been instructed with respect thereto. *State v. James,* 216 Kan. 235, 238, 531 P. 2d 70 (Syl. 4). The trial

court has a duty to instruct on lesser crimes of which the accused might be found guilty under the information and *upon the evidence adduced,* even though such instructions have not been requested or have been objected to. K. S. A. 21-3107 (3). Such instructions, however, must be based *"upon evidence adduced",* and if there is no evidence presented that could lead to a conviction on a lesser offense, no such instruction is necessary. *State v. Ponds and Garrett,* 218 Kan. 416, 421, 543 P. 2d 967.

Here the trial court reviewed the evidence and instructed upon murder in the first and second degrees. We have reviewed the record and conclude that there was no evidence upon which a conviction of a lesser degree of homicide could rest. There was therefore no occasion for an instruction on the lesser included offenses.

The final contention is that the trial court erred in refusing to grant a defense motion for a mistrial on the grounds that defendant was kept handcuffed at the trial in the presence of the jury. The record discloses that this occurred on the first day of the trial. His handcuffs were not removed when he was returned to the court-room for the afternoon session. At the conclusion of the proceeding that afternoon, and after the jury had been excused for the day, defense counsel moved for a mistrial on that ground. The trial court expressed surprise that the defendant's handcuffs had not been removed and stated that throughout the entire afternoon's proceedings the trial judge had been unaware of it. The prosecutor stated that he had not been aware that the defendant was hand-cuffed; and defendant's counsel when asked by the court why he had not pointed out the situation earlier, stated that he had not noticed it himself. Apparently the defendant sat with his hands in his lap, behind the counsel table, and even his own counsel was unaware that he was handcuffed. Under these circumstances, and absent any showing of prejudice, we conclude that the trial court's denial of defendant's motion for a mistrial was not error.

The judgment is affirmed.