(965 P.2d 227)
No. 78,131

HENRY G. KIRKLAND, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed August 7, 1998.

*Steven R. Zinn*, deputy appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*David L. Miller*, county attorney, *Michael Grear*, assistant county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before MARQUARDT, P.J., GERNON, J., and DAVID PRAGER, Chief Justice Retired, assigned.

GERNON, J.: Henry G. Kirkland filed a petition pursuant to K.S.A. 60-1507, seeking to withdraw his plea of no contest to one count of aggravated battery. The plea was part of a plea bargain in which another count of aggravated battery and a charge of child abuse were dismissed.

Pending a hearing on this appeal, Kirkland died. The issue before us is whether his death makes an appeal from a K.S.A. 60-1507 petition moot. If the appeal is not moot, we must address the issues raised.

An action pursuant to K.S.A. 60-1507 relates to a prisoner in custody who claims the right to be released based upon the sentence being unlawful. A prisoner must show a constitutional basis or a lack of jurisdiction by the sentencing court, or that the sentence is in excess of the maximum allowed or is otherwise subject to collateral attack. Although the statute is part of the Kansas Code of Civil Procedure, it pertains to those involved in criminal cases by its subject matter and title.

Kansas courts have held that a direct appeal from a criminal conviction is not rendered moot due to the death of the defendant.

*State v. Burnison*, 247 Kan. 19, 32, 795 P.2d 32 (1990); *State v. Jones*, 220 Kan. 136, 137, 551 P.2d 801 (1976).

The United States Supreme Court, in *McMann v. Ross*, 396 U.S. 118, 24 L. Ed. 2d 303, 90 S. Ct. 395 (1969), held that the death of a prisoner rendered a habeas appeal moot.

In *McMillin v. Bowersox*, 102 F.3d 987 (8th Cir. 1996), the court stated: "Since his imprisonment ended upon his death, and there can be no future collateral consequences flowing from his imprisonment, his collateral attack is moot."

Accordingly, given the record before us, and with no showing that there are any collateral consequences flowing from a finding of mootness, the appeal is dismissed as moot. The judgment of the district court is vacated, and the case is remanded with instructions to dismiss the petition as moot.

Appeal dismissed, judgment vacated, and case remanded with instructions.