No. 101,263

STATE OF KANSAS, *Appellee*, v. DAVID CHRISTOPHER KARSON, *Appellant*.

(304 P.3d 317)

Opinion filed June 21, 2013.

*Rachel L. Pickering*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Steven J. Obermeier*, assistant district attorney, *Ramsey A. Olinger*, legal intern, *Stephen M. Howe*, district attorney, *Steve Six*, former attorney general, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

BILES, J.: A now deceased David Karson appealed his drug convictions, claiming the incriminating evidence found in his car should have been suppressed because it was illegally obtained after his arrest on an outstanding traffic warrant. At the time of his arrest, state law authorized a search incident to arrest for the purpose of "discovering the fruits, instrumentalities or evidence of *a* crime." (Emphasis added.) K.S.A. 22-2501(c). But after Karson was convicted, the United States Supreme Court held such searches illegal in *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009); see also *State v. Henning*, 289 Kan. 136, Syl. ¶ 6, 209 P.3d 711 (2009) (declaring K.S.A. 22-2501[c] unconstitutional based on *Gant*).

Karson argues the district court erred when it denied his motion to suppress the drug evidence obtained from the vehicle search, which was prophetically based on an argument that the search incident to arrest was illegal. The State concedes the search was illegal under *Gant* but asserts we do not need to decide this case because Karson died while the appeal was pending. In the alternative, the State argues application of a good-faith exception to the exclusionary rule based upon the police officer's objectively reasonable reliance on a then-valid statute. Karson counters that the exception should not apply, in part, because the State did not prove the officer actually relied on the statute. We affirm Karson's convictions based on our two recent decisions in *State v. Dennis*, 297 Kan. 229, 300 P.3d 81 (2013), and *State v. Daniel*, 291 Kan. 490, 242 P.3d 1186 (2010), *cert. denied* 131 S. Ct. 2114 (2011).

## Factual and Procedural Background

The facts are not disputed. On March 12, 2007, Karson parked his car at a gas station, where a nearby police officer performed a routine check of the car's license plate. The officer determined the vehicle was registered to Karson and that Karson had an outstanding arrest warrant for a traffic violation. The officer approached Karson, confirmed his identity, and arrested him before securing him in the backseat of a patrol car. The officer then began searching Karson's vehicle, where drugs and drug paraphernalia were discovered. The State charged Karson with one count of possession of cocaine and one count of possession of drug paraphernalia.

Karson moved to suppress the drug evidence, arguing caselaw precedent limited searches incident to arrest to those circumstances when the officer is searching for evidence related to the crime of arrest. He claimed the 2006 amendment to K.S.A. 22-2501(c) was unconstitutional under the Fourth Amendment to the United States Constitution and § 15 of the Kansas Constitution Bill of Rights because it expanded the permissible scope of the search from evidence of *"the"* crime to evidence of *"a"* crime. See L. 2006, ch. 211, sec. 8. At the suppression hearing, the parties stipulated the officer arrested Karson for an outstanding warrant and then searched the vehicle. The district court denied the suppression motion. Karson was found guilty of both counts at a later bench trial.

Karson appealed his convictions to the Court of Appeals, focusing exclusively on the denial of his suppression motion. Before the appeal was decided, the United States Supreme Court issued *Gant*, which held that warrantless vehicle searches were unconstitutional unless the arrestee is within reaching distance of the passenger compartment at the time of search or there is reasonable belief the vehicle contains evidence of the crime of arrest. 556 U.S. at 351. Shortly thereafter, this court decided *Henning*, which declared K.S.A. 22-2501(c) unconstitutional for too-broadly allowing an officer searching a vehicle incident to arrest to search for evidence of *a* crime. 289 Kan. at 148-49. Karson argues these cases mandate reversal of the denial of his suppression motion and convictions.

The Court of Appeals affirmed the district court, holding that although the search was unlawful, the good-faith exception to the exclusionary rule applies since the police officer conducting the search acted in reasonable reliance on settled caselaw. *State v. Karson*, 44 Kan. App. 2d 306, 314-15, 235 P.3d 1260 (2010). Karson petitioned this court for review, which we granted along with two companion cases involving the same issue but containing differing outcomes and rationales. See *State v. Dennis*, No. 101,052, 2011 WL 425987 (Kan. App. 2011) (unpublished decision) (denying application of good-faith exception), *rev. granted* May 31, 2011; *State v. Carlton*, No. 103,086, 2010 WL 2817048 (Kan. App. 2010) (unpublished decision) (reversing district court's suppression order and applying good-faith exception), *rev. granted* May 17, 2011.

Karson died while this appeal was pending. The State now argues his death makes our review unnecessary. We will address that issue first.

### KARSON'S DEATH DOES NOT ABATE THIS APPEAL

We have previously held that a defendant's death during the pendency of a direct appeal does not abate the appellate process. In *State v. Jones*, 220 Kan. 136, 137, 551 P.2d 801 (1976), we determined:

"A defendant's conviction is at this state in midair. The judgment of conviction is not final due to the pendency of the appeal. While death moots the sentence, renders impossible a new trial and abates any fine imposed, the matter of costs remain. . . . *The family of the defendant and the public have an interest in the final determination of a criminal case.*" (Emphasis added.)

This has been a long-standing principle in Kansas. See *State v. Salts*, 288 Kan. 263, 265, 200 P.3d 464 (2009) (defendant's death 12 days after his notice of appeal was filed did not render his direct appeal moot); *State v. Burnison*, 247 Kan. 19, 32, 795 P.2d 32 (1990) ("[I]n Kansas the death of a defendant does not abate his direct appeal as it is in the interest of the public that the issues raised on appeal be adjudicated upon the merits."); *State v. Ellvin*, 51 Kan. 784, Syl. ¶ 1, 33 P. 547 (1893) (court reviewed judgment for costs related to late defendant's conviction for selling intoxi-

cating liquors); *State v. Fisher*, 37 Kan. 404, 405, 15 P. 606 (1887) (considered merits of case after defendant's death to resolve issues of costs).

The State points out that when a defendant's conviction is affirmed on direct appeal and the defendant dies while the case is pending discretionary review, many states dismiss the discretionary appellate proceeding and keep the judgment below intact. See *Surland v. State*, 392 Md. 17, 19, 895 A.2d 1034 (2006). But in Kansas a party aggrieved by a decision of the Court of Appeals has the statutory right to petition this court for review. K.S.A. 20-3018(b). And if a petition is filed, the appeal does not become final until either review is refused or the court issues its disposition on review. Supreme Court Rule 8.03(i) (2012 Kan. Ct. R. Annot. 72). As a result, a defendant's right to petition this court for review is an integral part of the appellate process.

More importantly, when review was granted, this case and its companions collectively presented questions of public importance because they touch on rights under the Fourth Amendment to the United States Constitution and § 15 of the Kansas Constitution Bill of Rights relating to vehicle searches incident to an occupant's arrest. And Karson's case is somewhat different factually because it is based solely on a search incident to arrest based on an outstanding warrant. In other words, in Karson's case the officer did not observe prior criminal activity before the arrest. In addition, Karson directly challenged K.S.A. 22-2501's constitutionality before the district court, and his case resulted in a published Court of Appeals decision. We hold that Karson's appeal should not be abated because of his death in light of the public interest considerations attendant to the case. We proceed next to the merits.

## THE GOOD-FAITH EXCEPTION APPLIES

Karson argues the evidence obtained by a search later found to be unconstitutional should be suppressed. The State argues the good-faith exception applies, rendering suppression unnecessary. We agree with the State and hold that the good-faith exception applies because an objectively reasonable officer could have rea-

sonably relied on K.S.A. 22-2501(c) at the time the search incident to arrest occurred.

*Standard of Review*

Our review of an evidence suppression issue is bifurcated. Without reweighing the evidence, the appellate court first examines the district court's findings to determine whether they are supported by substantial competent evidence. *State v. Sanchez-Loredo*, 294 Kan. 50, 54, 272 P.3d 34 (2012). The district court's legal conclusions are then reviewed de novo. If there are no disputed material facts, the issue is a question of law over which the appellate court has unlimited review. 294 Kan. at 54. In Karson's case, the facts material to the legal issues on review are not in dispute. The only remaining inquiry is whether the appropriate remedy is to suppress the evidence seized. This is a question of law.

*Discussion*

Warrantless searches are considered unreasonable and invalid unless they meet one of the exceptions to the warrant requirement. One such exception is a search incident to a lawful arrest. See 294 Kan. at 55 (citing *State v. Fitzgerald*, 286 Kan. 1124, 1127, 192 P.3d 171 [2008]). The officer searched Karson's vehicle incident to his arrest, but as the State concedes that search was later found to be unconstitutional. See *Gant*, 556 U.S. at 351; *Henning*, 289 Kan. at 148-49. It is the State's burden to demonstrate a warrantless search was lawful. *Dennis*, 297 Kan. 229, Syl. ¶ 2.

Evidence obtained in violation of the Fourth Amendment is subject to the exclusionary rule, which was created by the United States Supreme Court to deter police misconduct. *Davis v. United States*, 564 U.S. 229, 251-52, 131 S. Ct. 2419, 180 L. Ed. 2d 285 (2011). Kansas similarly recognizes the exclusionary rule in criminal proceedings as an appropriate remedy for an unlawful search. See *Daniel*, 291 Kan. at 496. But neither the Fourth Amendment nor § 15 of the Kansas Constitution Bill of Rights expressly prohibits the use of evidence obtained in violation of their respective protections. 291 Kan. at 496. Exclusion is not a personal constitutional right; rather, its purpose is to deter violations by the State.

*Davis*, 131 S. Ct. at 2426; *Daniel*, 291 Kan. at 496. Accordingly, exceptions to the exclusionary rule exist. See 291 Kan. at 492.

In *Daniel*, this court considered whether to apply a good-faith exception for warrantless searches incident to arrest authorized by K.S.A. 22-2501(c) before it was determined to be unconstitutional. We adopted the rule set out by the United States Supreme Court in *Illinois v. Krull*, 480 U.S. 340, 349-50, 107 S. Ct. 1160, 94 L. Ed. 2d 364 (1987), in which the exception was held to apply to an officer's good-faith reliance on a statute permitting warrantless administrative searches before the statute was invalidated. We held that the exclusionary rule did not apply to evidence obtained in a search incident to arrest by an officer who acted in objectively reasonable reliance on K.S.A. 22-2501(c) before the United States Supreme Court's *Gant* decision. *Daniel*, 291 Kan. at 493.

Karson makes two arguments to avoid application of the good-faith exception. First, he claims that *Gant* and *Henning* require suppression based on the doctrine of retroactivity, citing *United States v. Gonzales*, 578 F.3d 1130 (9th Cir. 2009). Second, he contends there was no evidence the officer actually relied on K.S.A. 22-2501(c) when conducting the search incident to arrest in his case. Both of these arguments fail based on subsequent caselaw.

In *Davis*, the United States Supreme Court made clear the good-faith exception is applicable to searches conducted incident to arrest, even if *Gant* subsequently rendered them illegal. The Court reasoned that *Gant* rendered the search unconstitutional, but examined whether the purpose of the exclusionary rule would be met by excluding the evidence obtained from the unlawful search. *Davis*, 131 S. Ct. at 2426-27. In declining to exclude the evidence, the *Davis* Court noted that the binding federal court precedent in the jurisdiction in which the search occurred allowed the search. Given the lack of police culpability or evidence of recurring or systemic police negligence, the Court held that the good-faith exception to the exclusionary rule applied. 131 S. Ct. at 2428-30. Based on *Davis*, Karson's first argument that *Gant* and *Henning* require suppression is without merit.

Similarly, Karson's contention that there is no evidence the officer relied on K.S.A. 22-2501(c) fails. The record reflects that at

the preliminary hearing that served as the evidentiary basis for the suppression hearing, the officer was asked, "Officer, did you have an occasion to search Mr. Karson's vehicle incident to that arrest?" And the officer replied, "Yes, I did."

In *Dennis*, we recently held that an officer's subjective understanding or explicit reference to K.S.A. 22-2501(c) as the basis for the search incident to arrest is not determinative. To qualify for the good-faith exception, there needs to be objectively reasonable reliance on the statute. 297 Kan. 229, Syl. ¶ 5. We reasoned that our prior caselaw had established that K.S.A. 22-2501 controlled the permissible circumstances, purposes, and scope of any search incident to arrest, citing *State v. Conn*, 278 Kan. 387, Syl. ¶ 1, 99 P.3d 1108 (2004) (search incident to arrest may only be conducted for the purposes listed in the statute), and *State v. Anderson*, 259 Kan. 16, 19, 910 P.2d 180 (1996). *Dennis*, 297 Kan. 237. Accordingly, we held that when an officer said he conducted a "search incident to arrest," that testimony necessarily carried with it an understanding that his authority for that search emanated from K.S.A. 22-2501. 297 Kan. at 237.

We see no substantive difference between the officer's testimony in *Dennis* and the officer's testimony at Karson's hearing. In both instances it was confirmed the officer was conducting a search incident to arrest, so K.S.A. 22-2501 controlled the permissible circumstances, purposes, and scope of the officer's search. The legal question then is whether it was objectively reasonable for the officer to rely on K.S.A. 22-2501(c). Our holdings in both *Dennis* and *Daniel* confirm that application of a good-faith exception was appropriate under the circumstances because it was objectively reasonable for the officer to rely on K.S.A. 22-2501(c) before the United States Supreme Court decided *Gant*. *Dennis*, 297 Kan. 229, Syl. ¶ 5; *Daniel*, 291 Kan. at 505.

Affirmed.