NOT DESIGNATED FOR PUBLICATION

No. 113,397

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

CORNELIOUS JONES,
*Appellee.*

MEMORANDUM OPINION

Appeal from Labette District Court; ROBERT J. FLEMING, judge. Opinion filed October 23, 2015. Affirmed.

*Stephen P. Jones*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Timothy J. Grillot*, of Parsons, for appellee.

Before LEBEN, P.J., MCANANY and BUSER, JJ.

LEBEN, J.: The State appeals a district court order suppressing evidence found by searching the cell phone of Cornelious Jones when he was arrested for traffic violations. Shortly after that search—but before the district court decision—the United States Supreme Court held in *Riley v. California*, 573 U.S.___, 134 S. Ct. 2473, 189 L. Ed. 2d 430 (2014), that the data on the cell phone of a person who was arrested could not be viewed without a search warrant. The district court applied *Riley* and suppressed evidence discovered through the cell-phone search.

The State has appealed, claiming that the good-faith exception to the exclusionary rule should apply. The exclusionary rule, designed to deter improper police conduct, keeps out of evidence at trial materials found after police officers perform an unconstitutional search. But there is a good-faith exception that applies in some cases where excluding the evidence would not serve the purpose of deterring police misconduct. See *State v. Althaus*, 49 Kan. App. 2d 210, 219-23, 305 P.3d 716 (2013).

Here, the State argues for the application of that exception, asserting that the officer relied in good faith on existing caselaw at the time of Jones' arrest, 3 months before the *Riley* decision. As a general legal proposition, the State is correct: "Evidence obtained during a search conducted in reasonable reliance on *binding precedent* is not subject to the exclusionary rule." (Emphasis added.) *Davis v. United States*, 564 U.S. ___, 131 S. Ct. 2419, 2429, 180 L. Ed. 2d 285 (2011). But the State has not shown that this exception applied to Jones' case.

Before we discuss that issue in greater detail, we must first consider the procedures employed in the district court in hearing the defendant's motion to suppress evidence. A key step in the process is that unless the facts are undisputed, the State must present evidence to show that the search was lawful.

K.S.A. 22-3216 provides that when a defendant files a written motion "stat[ing] facts showing wherein the search and seizure were unlawful," then "[t]he judge shall receive evidence on any issue of fact necessary to determine the motion[,] and the burden of proving that the search and seizure were lawful shall be on the prosecution." K.S.A. 22-3216(2). "On a motion to suppress evidence, the State bears the burden of proving to the district court the lawfulness of the search and seizure *by a preponderance of the evidence*." (Emphasis added.) *State v. Porting*, 281 Kan. 320, 324, 130 P.3d 1173 (2006).

2

We note the normal procedure for hearing a motion to suppress evidence because the State did not follow that procedure—it did not present any evidence at the hearing on Jones' motion. Accordingly, we must accept the facts as Jones presented them.

The motion to suppress alleged that Jones was a mere passenger in a car stopped after a "short chase" by officers for traffic infractions. According to the motion, Jones' "pockets were searched . . . [and] money and a black ATT touch cell phone were seized." Shortly after that, a police officer "searched the Defendant's cell phone[']s text messages to determine if the cash was a result of sales and distribution of narcotics." Then, "[b]ased upon the seizure of the cell phone and review of the text messages . . . charges were filed for distribution of narcotics."

Under *Riley*, the warrantless cell-phone search was illegal. And while the *Riley* decision wasn't issued until 3 months after the search, Jones' case was still pending when it was issued. The State concedes that *Riley* must be applied to all cases still pending when it was issued. See *Davis*, 131 S. Ct. at 2430; *State v. James*, 301 Kan. 898, 902, 349 P.3d 457 (2015).

So the State's only potential argument is the good-faith exception to the exclusionary rule. But the State presented no evidence about a basis for the officer's good-faith beliefs. We recognize that the State's argument does not depend upon the subjective beliefs of the officer who searched Jones' phone; the good-faith exception is based on the understanding of an objectively reasonable officer. *State v. Dennis*, 297 Kan. 229, 237, 300 P.3d 81 (2013). Even so, we find no legal basis for the State's argument.

The State cites one Kansas federal court case from 2007 that upheld the search of cell-phone data, *United States v. Mercado-Nava*, 486 F. Supp. 2d 1271, 1278-79 (D. Kan. 2007). But the decision from a single federal trial judge does not constitute "binding

3

precedent" under *Davis*. See *Camreta v. Greene*, 563 U.S. 692, 131 S. Ct. 2020, 2033 n.7, 179 L. Ed. 2d 1118 (2011); *Anderson v. Romero*, 72 F.3d 518, 525 (7th Cir. 1995).

Although not cited by the State, one decision from our court—reversed after *Riley*—also had upheld the warrantless search of an arrestee's cell phone text messages. See *State v. James*, 48 Kan. App. 2d 310, 322-23, 288 P.3d 504 (2012), *rev'd* 301 Kan. 898, 349 P.3d 457 (2015). But that case would not have qualified as a "binding precedent" under *Davis* at the time of Jones' arrest, either. First, our Supreme Court had granted review of our decision in *James* in October 2013; once review was granted, our decision was of "no force or effect" under Supreme Court Rule 8.03(j). (2014 Kan. Ct. R. Annot. 81.) Second, a binding decision would come from the Kansas Supreme Court, the United States Supreme Court, or the United States Court of Appeals for the Tenth Circuit, not our court. See *State v. Karson*, 44 Kan. App. 2d 306, 314, 235 P.3d 1260 (2010), *aff'd on other grounds* 297 Kan. 634, 304 P.3d 317 (2013).

Had the search occurred between 2006 and 2009, an officer might have relied in good faith on K.S.A. 22-2501(c), which purported to allow an officer to search the area within a person's immediate presence to discover evidence of any crime. But that statute was found unconstitutional in 2009 in *State v. Henning*, 289 Kan. 136, 148-49, 209 P.3d 711 (2009), and the statute itself was repealed in 2011. L. 2011, ch. 100, sec. 22. So it could not form a basis for a good-faith claim, either.

On the facts presented in the defendant's motion to suppress evidence (and not challenged through evidence by the State), Jones was a passenger in a car involved in a brief police chase, and officers arrested him when he got out of the car. An officer then found cash in Jones' pants pocket and searched data on Jones' cell phone to see whether the cash might be tied to illegal activity. The officer had no warrant, and the State presented no testimony or argument that the officer needed to examine any data on the

cell phone to protect anyone's safety. On these facts, the district court properly granted the defendant's motion.

The district court's ruling is therefore affirmed.