**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**March 16, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

---

PATRICK C. FRANTZ,

    Defendant Crossclaimant - Appellee,

v.

BARBARA FRANTZ,

    Defendant Cross Claim Defendant - Appellant.

No. 21-3103
(D.C. No. 2:18-CV-02469-JWB-KGG)
(D. Kan.)

---

### ORDER AND JUDGMENT[*]

---

Before **PHILLIPS**, **BALDOCK**, and **EID**, Circuit Judges.

---

Barbara Frantz, proceeding pro se, appeals from the district court's grant of summary judgment to her son, Patrick C. Frantz, in this interpleader action concerning the proceeds of a life insurance policy. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Ms. Frantz was married to Gary Patrick Frantz.  Patrick Frantz is their only living child.  Gary Frantz took out a $150,000 life insurance policy naming Ms. Frantz as the primary beneficiary and Patrick Frantz as the contingent beneficiary.  Early in 2016, Ms. Frantz and Gary Frantz separated, later entering into a written separation agreement providing that Ms. Frantz would pay for the life insurance policy and would remain the primary beneficiary.

In January 2017, Gary Frantz was shot multiple times and died of his injuries.  The cause of death was homicide, and Ms. Frantz was the only person charged with the crime.  After a jury found her guilty of intentional and premediated first-degree murder, the state district court sentenced her to life imprisonment.  Her appeal is pending before the Kansas Supreme Court.

Soon after Ms. Frantz's conviction, the issuer of the policy brought an interpleader action in federal district court against Ms. Frantz and Patrick Frantz.  After the company deposited the policy proceeds into the court's registry, the court relieved it of liability for payment of the proceeds and dismissed it from the action.

Patrick Frantz moved for summary judgment, pointing out that Kan. Stat. Ann. § 59-513 bars someone who has been convicted of feloniously killing a person from inheriting or otherwise benefiting from any portion of the victim's estate or property.  The Kansas Supreme Court has applied § 59-513 to preclude a beneficiary from collecting on an insurance policy.  *See Harper v. Prudential Ins. Co. of Am.*, 662 P.2d 1264, 1271 (Kan. 1983).  The district court appointed counsel for Ms. Frantz for the

limited purpose of replying to the motion. Ms. Frantz asserted her innocence, arguing that significant evidence showed Patrick Frantz murdered his father and noting that she had not even filed her first brief in her criminal appeal. She requested the district court delay the action until the conclusion of her appeal. The district court, however, saw no reason for delay. Relying on § 59-513, it granted the motion and awarded the policy proceeds to Patrick Frantz. Ms. Frantz appeals.

## DISCUSSION

We review a grant of summary judgment de novo, viewing the record in the light most favorable to the non-moving party. *Ohlsen v. United States*, 998 F.3d 1143, 1153 (10th Cir. 2021). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because Ms. Frantz proceeds pro se, we liberally construe her filings, but we do not act as her attorney. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

On appeal, Ms. Frantz maintains her innocence and again claims that significant evidence points to Patrick Frantz as his father's killer. But as matters stand, a jury has found that Ms. Frantz murdered Gary Frantz, and the Kansas district court entered a conviction on that verdict. Under Kan. Stat. Ann. § 59-513, then, Ms. Frantz cannot be awarded the proceeds of the life insurance policy. *See Harper*, 662 P.2d at 1271 ("[T]he statute is applicable in situations where there has actually been a conviction of the beneficiary and bars [her] from recovering under an insurance policy.").

3

Ms. Frantz asks this court to defer this appeal until after her criminal appeal is decided. The pending appeal means that her conviction is not yet final. *State v. Jones*, 551 P.2d 801, 804 (Kan. 1976). But we have not located any Kansas authorities indicating that § 59-513 requires a conviction to be final. Moreover, even assuming a conviction must be final, Kansas also has adopted a common-law rule that "bars the beneficiary of a life insurance policy who feloniously kills the insured from recovering under the policy whether convicted or not." *Harper*, 662 P.2d at 1271. "[Section 59-513] does not preclude judicial application of the common-law rule in cases where the beneficiary killed the insured but has not been convicted of the crime." *Id.* The record on appeal indicates that the common-law rule would also bar Ms. Frantz from recovering the policy proceeds. We therefore decline to abate this appeal.

## CONCLUSION

The district court's judgment is affirmed. Ms. Frantz's motion to proceed without prepayment of costs and fees is granted.

Entered for the Court

Gregory A. Phillips
Circuit Judge