No. 103,086

STATE OF KANSAS, *Appellant*, v. FREDERICK W. CARLTON,
*Appellee*.

(304 P.3d 323)

Opinion filed June 21, 2013.

*Joseph M. Penny* and *James R. Watts*, assistant county attorneys, *Steve Six*, former attorney general, and *Derek Schmidt*, attorney general, were on the briefs for appellant.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, was on the briefs for appellee.

The opinion of the court was delivered by

BILES, J.: Frederick W. Carlton seeks review of a divided Court of Appeals decision. The panel reversed the district court's order suppressing drug evidence obtained during a vehicle search conducted incident to Carlton's arrest following a traffic stop. The panel majority acknowledged the vehicle search was later invalidated by *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009), but held that the drug evidence should not be suppressed because at the time Carlton's vehicle was searched, existing caselaw and K.S.A. 22-2501(c) permitted a search incident to arrest to discover evidence of a crime. *State v. Carlton*, No. 103,086, 2010 WL 2817048, at *2 (Kan. App. 2010) (unpublished opinion). We affirm the Court of Appeals judgment that the good-faith exception to the exclusionary rule applies and suppression is unnecessary. Our holding is based on two recent decisions in *State v. Dennis*, 297 Kan. 229, 300 P.3d 81 (2013), and *State v. Daniel*, 291 Kan. 490, 242 P.3d 1186 (2010), *cert. denied* 131 S. Ct. 2114 (2011).

## FACTUAL AND PROCEDURAL BACKGROUND

On June 18, 2008, a police officer observed Carlton driving a pickup truck with expired tags. The officer stopped the vehicle and learned Carlton's driving privileges were revoked. The officer arrested Carlton on that basis. Once Carlton was handcuffed and placed in a patrol car, the officer searched Carlton's truck incident to the arrest and discovered methamphetamine, marijuana, and drug paraphernalia.

Carlton filed a motion to suppress, arguing the evidence found after the traffic stop was obtained from an illegal search. The district court denied the motion. But a little more than 2 months later, the United States Supreme Court decided *Gant*, which prohibited police from conducting warrantless vehicle searches incident to an occupant's arrest unless "the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." 556 U.S. at 351. Following this decision, Carlton filed a second motion to suppress based on *Gant*.

The district court initially upheld its decision denying suppression based on the good-faith exception to the exclusionary rule but reversed itself once Carlton sought reconsideration before trial. The State filed an interlocutory appeal on the district court's final decision to suppress the drug evidence. A divided Court of Appeals panel reversed the district court's suppression ruling and remanded the case for further proceedings consistent with its opinion. *Carlton*, 2010 WL 2817048, at *2-3.

The panel members unanimously agreed the search was unconstitutional under *Gant* and *State v. Henning*, 289 Kan. 136, Syl. ¶ 6, 209 P.3d 711 (2009), which declared K.S.A. 22-2501(c) invalid based on *Gant*. But that determination did not resolve the case because the court still needed to determine whether the good-faith exception to the exclusionary rule applied since K.S.A. 22-2501(c) was not held to be unconstitutional until after the search occurred. The panel majority concluded an objectively reasonable officer could rely on the validity of K.S.A. 22-2501(c) at the time of the search, so the good-faith exception applied. *Carlton*, 2010 WL 2817048, at *2.

In a dissenting opinion, Judge Henry Green argued the evidence should be suppressed. First, he noted that both *Gant* and *Henning* invoked the suppression remedy, so he believed Carlton also should be given that remedy based on the retroactivity rules set forth in *Griffith v. Kentucky*, 479 U.S. 314, 325, 107 S. Ct. 708, 93 L. Ed. 2d 649 (1987). Second, he contended the caselaw regarding the validity of a vehicle search incident to arrest was not well settled. And third, he argued our decision in *Henning* declaring K.S.A. 22-2501(c) unconstitutional revived an older version of the statute that would not have authorized the search of Carlton's vehicle. *Carlton*, 2010 WL 2817048, at *3-5.

Carlton petitioned this court for review, raising three challenges to the panel majority's decision: (1) retroactivity rules required applying both the rule and the suppression remedy from *Gant*; (2) the panel majority's reliance on *Illinois v. Krull*, 480 U.S. 340, 349-50, 107 S. Ct. 1160, 94 L. Ed. 2d 364 (1987), was misplaced because that case dealt with administrative searches, not criminal

searches; and (3) the panel majority should have applied the former version of K.S.A. 22-2501 in light of the *Henning* decision.

We granted review of Carlton's petition in conjunction with two other Court of Appeals decisions considering the same issue but reaching differing outcomes and rationales: *State v. Dennis*, No. 101,052, 2011 WL 425987 (Kan. App. 2011) (unpublished decision) (denying application of good-faith exception), *rev. granted* May 31, 2011; *State v. Karson*, 44 Kan. App. 2d 306, 314, 235 P.3d 1260 (2010) (applying good-faith exception), *rev. granted* May 31, 2011. Our jurisdiction arises under K.S.A. 20-3018(b) (review of Court of Appeals decision).

## THE GOOD-FAITH EXCEPTION APPLIES

Carlton seeks to suppress the evidence discovered during the search incident to his arrest under K.S.A. 22-2501(c), which was later found to be unconstitutional. The State argues a good-faith exception applies and suppression is inappropriate because an objectively reasonable officer could rely on the statute as authority for the search on the date it occurred.

### Standard of Review

Our review of an evidence suppression issue is bifurcated. Without reweighing the evidence, the appellate court first examines the district court's findings to determine whether they are supported by substantial competent evidence. *State v. Sanchez-Loredo*, 294 Kan. 50, 54, 272 P.3d 34 (2012). The district court's legal conclusions are then reviewed de novo. If there are no disputed material facts, the issue is a question of law over which the appellate court has unlimited review. 294 Kan. at 54. In Carlton's case, the facts material to the legal issues on review are not in dispute. The only remaining inquiry is whether the appropriate remedy is to suppress the evidence seized. This is a question of law.

### Discussion

Warrantless searches are considered unreasonable and invalid unless they fall within a recognized exception to the warrant requirement. One such exception is a search incident to a lawful arrest. See 294 Kan. at 55 (citing *State v. Fitzgerald*, 286 Kan. 1124,

1127, 192 P.3d 171 [2008]). In this case, the officer searched Carlton's vehicle incident to his arrest pursuant to K.S.A. 22-2501(c), but that search was later found to be unconstitutional. See *Gant*, 556 U.S. at 351; *Henning*, 289 Kan. at 148-49. It is the State's burden to demonstrate a warrantless search was lawful. *Dennis*, 297 Kan. 229, Syl. ¶ 2.

Evidence obtained in violation of the Fourth Amendment is subject to the exclusionary rule, which was created by the United States Supreme Court to deter police misconduct. *Davis v. United States*, 564 U.S. 229, 251-52, 131 S. Ct. 2419, 180 L. Ed. 2d 285 (2011). Kansas similarly recognizes the exclusionary rule in criminal proceedings is an appropriate remedy for an unlawful search. See *Daniel*, 291 Kan. at 496. But neither the Fourth Amendment nor § 15 of the Kansas Constitution Bill of Rights expressly prohibits the use of evidence obtained in violation of their respective protections. 291 Kan. at 496. Exclusion is not a personal constitutional right; rather, its purpose is to deter violations by the State. *Davis*, 131 S. Ct. at 2426; *Daniel*, 291 Kan. at 496. Accordingly, exceptions to the exclusionary rule exist. See 291 Kan. at 492.

In *Daniel*, this court considered whether to apply a good-faith exception for searches governed by K.S.A. 22-2501(c). We adopted the rule set out by the United States Supreme Court in *Krull*, in which the exception was held to apply to an officer's good-faith reliance on a statute permitting warrantless administrative searches before that statute was invalidated. We held the exclusionary rule to be inapplicable to evidence obtained in a search incident to arrest by an officer who acted in objectively reasonable reliance on K.S.A. 22-2501(c) before the United States Supreme Court's *Gant* decision. *Daniel*, 291 Kan. at 493.

Carlton first argues that *Gant* and *Henning* require suppression based on the doctrine of retroactivity, citing *United States v. Gonzales*, 578 F.3d 1130 ( 9th Cir. 2009). But this argument is directly contrary to *Davis*, in which the United States Supreme Court made clear the good-faith exception is applicable to searches conducted incident to arrest, even if they were subsequently rendered illegal based on *Gant*. The Court reasoned that *Gant* impacted the validity of the search but did not extend to the judicially created remedy

of excluding invalidly obtained evidence. *Davis*, 131 S. Ct. at 2426-27. For purposes of the exclusionary rule remedy, the Court said it was necessary to look instead to binding federal court precedent in the jurisdiction in which the search occurred to determine whether a good-faith exception to the exclusionary rule applied for Fourth Amendment purposes. 131 S. Ct. at 2428-30. *Davis* renders Carlton's first argument meritless.

Next, Carlton argues the panel majority's reliance on *Krull* is misplaced. But this argument was expressly rejected by this court in *Daniel* in which this court similarly relied on *Krull* as authority for applying the good-faith exception when the officer objectively relied on the subsequently invalidated K.S.A. 22-2501(c) at the time of the search. *Daniel*, 291 Kan. at 505; see also *Dennis*, 297 Kan. 229, Syl. ¶ 5 (officer's subjective understanding or articulation of K.S.A. 22-2501 as the legal basis for a search incident to arrest was not determinative of whether there was objectively reasonable reliance on that statute in order to qualify for the good-faith exception articulated in *Daniel*).

For similar reasons, Carlton's claim that *Henning* revived the former version of K.S.A. 22-2501 is incorrect. We have held that the question in these cases is whether it was objectively reasonable for the officer to rely on the statute in existence at the time the search was conducted. *Daniel*, 291 Kan. at 505. This holding was subsequently reinforced by the United States Supreme Court. See *Davis*, 131 S. Ct. at 2429 n.4.

The panel majority correctly held that it was objectively reasonable for the officer to rely on K.S.A. 22-2501(c) as it existed at the time of the search. We agree the district court's suppression decision should be reversed, and the case is remanded to the district court for further proceedings.

Judgment of the Court of Appeals reversing the district court is affirmed. Judgment of the district court is reversed and remanded.