IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 105,695

STATE OF KANSAS,
*Appellant*,

v.

ALLEN R. JULIAN,
*Appellee*.

SYLLABUS BY THE COURT

1.

The Fourth Amendment to the United States Constitution constitutes the baseline protection against unreasonable searches. No state may authorize searches on grounds more permissive than the Fourth Amendment allows. States are, however, allowed to adopt rules more protective of individual rights than the Fourth Amendment requires.

2.

While it was in effect, K.S.A. 22-2501 represented a codification of the authority to make warrantless searches incident to arrest. It also represented the State's authority to adopt measures more protective of an individual's rights than the Fourth Amendment to the United States Constitution requires.

3.

While it was in effect, K.S.A. 22-2501 governed warrantless searches incident to arrest in Kansas and set forth the permissible circumstances, purposes, and scope of such searches.

1

4.

In this case, this was a warrantless search of a vehicle for evidence incident to arrest, conducted at a time when searches incident to arrest were governed in Kansas by statute, and the statute in effect at the time did not authorize searches for the purpose of discovering evidence. The search of the defendant's vehicle was therefore illegal.

Review of the judgment of the Court of Appeals in an unpublished decision filed May 11, 2012. Appeal from Rice District Court; RON SVATY, judge. Opinion filed September 5, 2014. Judgment of the Court of Appeals reversing the district court is reversed. Judgment of the district court is affirmed.

*Natalie A. Chalmers*, assistant solicitor general, argued the cause, and *Scott E. McPherson*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellant.

*Gregory D. Bell*, of Forker Suter LLC, of Hutchinson, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

KING, J.: We consider this case on a petition for review filed by Allen R. Julian. He contends that evidence seized from his automobile in a warrantless search incident to his arrest should be suppressed. The district court granted Julian's motion to suppress. The State filed an interlocutory appeal. A divided Court of Appeals panel held that the search was authorized by *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009), and reversed the district court's suppression order. *State v. Julian*, No. 105,695, 2012 WL1759405 (Kan. App. 2012) (unpublished opinion).

This was a warrantless search of a vehicle incident to arrest for the purpose of discovering evidence. At the time the search was conducted, searches incident to arrest in Kansas were governed by statute. K.S.A. 22-2501 (repealed July 1, 2011). At the time of the search of Julian's vehicle, K.S.A. 22-2501 did not authorize searches for evidence. The search of Julian's vehicle was therefore illegal.

We conclude that by relying on Fourth Amendment caselaw rather than the Kansas statute governing searches incident to arrest, the district court and the Court of Appeals applied the incorrect legal standard to this case. In doing so, the Court of Appeals reached an incorrect result. The trial court reached the correct result, but it did so for the wrong reasons.

*Factual and Procedural Background*

The material facts are not in dispute.

On January 17, 2010, Rice County Sheriff's Deputy Jeff Pieplow stopped Allen Julian for driving a vehicle with a defective headlight. Pieplow had prior reports that Julian was involved in methamphetamine manufacture but, prior to the stop, had no grounds to believe Julian's car contained anything illegal.

As Pieplow approached Julian's car, he saw Julian make what he described as "furtive movements," consisting of Julian raising a blanket and appearing to shove items underneath it. Pieplow removed Julian from the car and placed him under arrest when he could not produce proof of insurance. Incident to the arrest, Pieplow conducted a pat

3

down search. He found a loaded firearm in Julian's jacket pocket and a metal tin containing marijuana, two knives, rolling papers, and lighters in his pants pocket.

Pieplow placed Julian under arrest for carrying a concealed weapon, possession of marijuana, and possession of drug paraphernalia. Pieplow secured Julian in the back of his patrol car and went back to Julian's car to search it. He testified he was searching for more marijuana and items used to manufacture methamphetamine. Pieplow found a bowling bag containing items associated with the manufacture of methamphetamine.

In addition to the traffic violations for defective headlight and no proof of insurance, the State charged Julian with five felonies: (1) attempting to manufacture methamphetamine, (2) possession of pseudoephedrine, (3) possession of drug paraphernalia, (4) possession of marijuana, and (5) possession of a firearm.

Julian filed a motion to suppress the evidence recovered from his vehicle. The district court granted his motion. The State pursued an interlocutory appeal. The Court of Appeals reversed the suppression ruling by a 2-1 vote.

This court granted Julian's petition for review.

*Standard of Review*

If the material facts are not in dispute, review of a decision on a motion to suppress evidence is a question of law subject to de novo review. The State bears the burden to demonstrate a warrantless search was lawful. *State v. Pettay*, 299 Kan. ___, 326 P.3d 1039, 1043 (2014).

4

*Searches Incident to Arrest: 1969 to Present*


The Fourth Amendment to the United States Constitution protects individuals and their property from unreasonable searches and seizures. Section 15 of the Kansas Constitution Bill of Rights provides similar protection. *State v. Thompson*, 284 Kan. 763, 772, 166 P.3d 1015 (2007). The Fourth Amendment contemplates that a "reasonable," and, thus, a constitutionally valid search, is one conducted pursuant to a warrant issued by a judicial officer based on a factual showing of probable cause. Warrantless searches "conducted outside the judicial process without prior approval by judge or magistrate are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967); *State v. Conn*, 278 Kan. 387, 390, 99 P.3d 1108 (2004).


A warrantless search incident to a lawful arrest is one of the exceptions to the warrant requirement of the Fourth Amendment. See *Weeks v. United States*, 232 U.S. 383, 392, 34 S. Ct. 341, 58 L. Ed. 652 (1914). The justification for the exception "derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Arizona v. Gant*, 556 U.S. at 338. The Fourth Amendment constitutes the baseline protection against unreasonable searches. No state may authorize searches on grounds more permissive than the Fourth Amendment allows. States are, however, allowed to adopt rules more protective of individual rights than the baseline Fourth Amendment protection. A state may do this by its state constitution, court decision, or statutory enactment.

Section 15 of the Kansas Constitution Bill of Rights protects individuals and their property from unreasonable searches and seizures. This court has consistently held that the protection afforded by § 15 of the Kansas Constitution is co-extensive with the Fourth Amendment protection. *State v. Daniel*, 291 Kan. 490, Syl. ¶ 5, 242 P.3d 1186 (2010); *State v. Henning*, 289 Kan. 136, Syl. ¶ 4, 209 P.3d. 711 (2009).

While it was in effect, K.S.A. 22-2501 represented a codification of the authority to make warrantless searches incident to arrest. It also represented the State's authority to adopt measures more protective of an individual's rights than the Fourth Amendment requires. *Conn*, 278 Kan. at 391; *State v. Anderson*, 259 Kan. 16-22, 910 P.2d 180 (1996).

Although this case turns on application of K.S.A. 22-2501 to the search at issue, a brief review of Fourth Amendment caselaw developments related to searches incident to arrest between 1969 and 2009 is appropriate for reasons of context and to assist in understanding the interrelation of the statute and the permissible constitutional parameters of searches incident to arrest.

In 1969, the United States Supreme Court held that the warrantless search of a person's entire home incident to the person's arrest is prohibited by the Fourth Amendment. It limited the search to the area "from which the person arrested might obtain weapons or evidentiary items." *Chimel v. California*, 395 U.S. 752, 766, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969), *reh. denied* 396 U.S. 869 (1969). The Court found that the warrantless search of the arrestee's person and the area "within his immediate control" was not contrary to the Fourth Amendment. 395 U.S. at 763.

6

The year after *Chimel* was decided, Kansas adopted a statute pertaining to warrantless searches incident to arrest. K.S.A. 22-2501 provided:

"When a lawful arrest is effected a law enforcement officer may reasonably search the person arrested and the area within such person's immediate presence for the purpose of

"(a) Protecting the officer from attack;

"(b) Preventing the person from escaping; or

"(c) Discovering the fruits, instrumentalities, or evidence of the crime."
L. 1970, ch. 129, sec. 22-2501.

When it was enacted, K.S.A. 22-2501 represented a codification of existing federal law on warrantless searches incident to arrest, as expressed in *Chimel*. See *State v. Youngblood*, 220 Kan. 782, 784, 556 P.2d 195 (1976).

In 1981, the United States Supreme Court applied *Chimel* to a warrantless search of an automobile incident to the arrest of an occupant of the vehicle. The Court held that when there has been a lawful arrest of the occupant of a vehicle, the officer "as a contemporaneous incident of that arrest" may search the passenger compartment of the vehicle and any containers found therein. *New York v. Belton*, 453 U.S. 454, 460, 101 S. Ct. 2860, 69 L. Ed. 2d 768, *reh. denied* 453 U.S. 950 (1981).

*Belton* was widely interpreted to expand the authority to make a warrantless search of a vehicle incident to arrest. In fact, United States Supreme Court Justice Sandra Day O'Connor later observed that "lower courts seem now to treat the ability to search a

7

vehicle incident to the arrest of a recent occupant as a police entitlement rather than as an exception justified by the twin rationales of *Chimel.*" *Thornton v. United States*, 541 U.S. 615, 624, 124 S. Ct. 2127, 158 L. Ed. 2d 905 (2004) (O'Connor, concurring in part).

In *State v. McClain*, 258 Kan. 176, 184, 899 P.2d 993 (1995), this court observed: "Since its filing in 1981, Kansas courts have consistently applied *Belton* to allow an officer to search the passenger compartment of an automobile when its occupant is arrested."

One year after our decision in *McClain* we decided *Anderson*, 259 Kan. 16. In *Anderson*, 259 Kan. at 22, we noted that in dealing with an issue involving a search incident to arrest "we need not discuss federal law further," as federal caselaw applying the Fourth Amendment did not control such searches:

> "In Kansas, we have a statute that sets forth the permissible circumstances and purposes under which a search incident to arrest can be made. The statute may possibly be more restrictive than prevailing case law on the Fourth Amendment would permit, but this does not alter the plain language of the statute." 259 Kan. at 22.

Since *Anderson*, this court has consistently held that K.S.A. 22-2501 governs searches incident to arrest and sets forth the "permissible circumstances, purposes and scope" of such searches. *State v. Pettay*, 299 Kan. ___, Syl. ¶ 4, 326 P.3d 1039; *State v. Carlton*, 297 Kan. 642, Syl. ¶ 4, 304 P.3d 323 (2013); *State v. Dennis*, 297 Kan. 229, Syl. ¶ 5, 300 P.3d 81 (2013); *State v. Conn*, 278 Kan. at 391.

In 2006, the legislature amended K.S.A. 22-2501. The amendment changed but a single word in the statute, but that change has had profound implications. Before the

amendment, K.S.A. 22-2501(c) (Furse) authorized a search incident to arrest for the purpose of "[d]iscovering the fruits, instrumentalities, or evidence of the crime." After the amendment, K.S.A. 22-2501(c) authorized a search incident to arrest for the purpose of "[d]iscovering the fruits, instrumentalities, or evidence of a crime."

The precise reasons for this change are not known; however, some proponents of the amendment argued that changing "the" to "a" made Kansas law consistent with *Belton*. *State v. Henning*, 289 Kan. at 142-44.

In 2009, the United States Supreme Court held that warrantless vehicle searches incident to an arrest are prohibited unless "the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Arizona v. Gant*, 556 U.S. at 351.

Two months after *Gant* was decided, this court found that, based on *Gant*, the 2006 amendment to K.S.A. 22-2501(c) now placed that provision on the wrong side of constitutionally permissible searches. K.S.A. 22-2501(c) was "facially unconstitutional" and no longer conformed to the baseline protections of the Fourth Amendment. *Henning*, 289 Kan. at 148-49.

On July 1, 2011, the legislature repealed K.S.A. 22-2501 in its entirety. L. 2011, ch. 100, sec. 22. Between 2006 and 2011, K.S.A. 22-2501 continued to control the "permissible circumstances, purposes, and scope" for warrantless searches incident to arrest in Kansas.

*The Lower Courts' Decisions*

Both the district court and the Court of Appeals declined to apply K.S.A. 22-2501 to this case and decided Julian's motion to suppress on the basis of *Gant*. By relying on Fourth Amendment caselaw rather than K.S.A. 22-2501, the district court and the Court of Appeals applied the incorrect legal standard to this case.

The Court of Appeals majority acknowledged that K.S.A. 22-2501 "controlled the 'permissible circumstances, purposes, and scope of a search incident to arrest,'" yet declined to apply it to resolve the issue before it. The majority stated: "Both parties cite the statute when briefing *Gant*'s impact on K.S.A. 22-2501(c) . . . . The parties do not brief the other provisions of K.S.A. 22-2501, however, and Julian does not argue the statute's applicability on appeal." *State v. Julian*, No. 105,695, 2012 WL 1759405 at *3 (Kan. App. 2012) (unpublished opinion).

We do not concur in the Court of Appeals majority's determination that Julian did not argue the statute's applicability on appeal. Admittedly, the focus of argument by both Julian and the State has centered on Fourth Amendment caselaw and *Gant* in particular. However, Julian has consistently asserted the applicability of K.S.A. 22-2501.

The record before the Court of Appeals demonstrated Julian had argued the applicability of the statute in the district court. In his motion to suppress, Julian argued the applicability of K.S.A. 22-2501 to the search in question. He argued that pursuant to *State v. Anderson*, "the constitutionally permissible purposes of the search incident to lawful arrest must be as the current Kansas statute set out, and not extending the purpose of the search any further." He went on to argue that "[t]he search of Julian's vehicle was

10

not legal under either *Gant* or either of the constitutionally permissible purposes outlined within K.S.A. 22-2501(a) or (b)."

Although he did not file a brief with the district court, the prosecuting attorney at the hearing on the motion to suppress argued the applicability of K.S.A. 22-2501, but he did so in an unusual way. He argued that the officer did not need to have probable cause to search Julian's car, because "[t]his is a statutory search pursuant to K.S.A. 22-2501 subsection 'c' which allows a search incident to arrest for fruits and instrumentalities of the crime of arrest." The prosecuting attorney went on to note that the Kansas Supreme Court had ruled the 2006 amendment to K.S.A. 22-2501(c) unconstitutional, and then he made the curious argument "and so in essence we are back to the old statute that says fruits and instrumentalities of the crime of arrest. . . . It's a statutory search."

Julian came to the Court of Appeals as the appellee, armed with a favorable ruling from the district court on his motion to suppress. Julian did not have the burden to prove the illegality of the search. Julian was not responsible for the reasoning the district court used to sustain his motion to suppress.

In his brief to the Court of Appeals, Julian included the following as part of his argument that the district court was correct to suppress the evidence:

"The permissible scope of a vehicle search incident to lawful arrest of an occupant has also been addressed by the Kansas courts. In *State v. Anderson*, 259 Kan. 16, 910 P.2d 1080 (1996), the court followed the long-held standard as outlined in *Chimel* with regard to the basic scope of car searches incident to lawful arrest, stating that the constitutionally permissible purposes of the search incident to lawful arrest must be as the current Kansas statutes set out, not extending the purpose of the search any further. *Id.* 23-24. The Court held that officers could conduct searches incident to lawful arrest for

the three (3) purposes which were enumerated within K.S.A. 22-2501: (1) officer safety; (2) preventing an arrestee from escaping; or (3) discovering the fruits or instrumentalities, or evidence to support only the crime of arrest. *Id.*

"However, K.S.A. 22-2501 was amended in 2006 changing the word in subsection (c) from 'the' crime to 'a' crime. Senate Bill 431. L. 2006, ch. 211, sec. 8. This legislative change came on the heels of and completely undermined the Court's ruling in *Anderson*, and its observance of the long-standing *Chimel* rule. *See State v. Henning*, 289 Kan. 136, 145, 209 P.3d 711 (2009). The modification of the single word from 'the' to 'a' has resulted in countless unconstitutional vehicle searches incident to lawful arrest in this State. The practical effect of the statute's modification was that law enforcement officers were given unlimited access to any vehicle incident to the lawful arrest of an occupant for any reason.

"After the *Gant* decision, the Kansas Supreme Court revisited the search incident to arrest issue and ruled that K.S.A. 22-2501 was 'facially unconstitutional under the Fourth Amendment and the search and seizure provisions of the Kansas Constitution Bill of Rights.' *Henning*, 289 Kan. at 148. 'The district judge was right to be suspicious of the statute's wording: its breadth cannot be reconciled with the narrowness of the search and seizure concept it was meant to codify, not automatically in a vehicle context nor in the context of any other area within immediate control of an arrestee'. [289 Kan. at 149.]"

Rather than a "failure to argue the statute's applicability on appeal," a fair reading of Julian's argument from the above-quoted excerpt of his brief is: *Anderson* held that the constitutionally permissible purposes of a search incident to arrest must be as set out in K.S.A. 22-2501; after *Gant* and *Henning*, the statute did not allow a search for the purpose of discovering evidence; and, therefore, the search for evidence in Julian's car was prohibited by K.S.A. 22-2501.

12

Although the majority acknowledged that K.S.A. 22-2501 "controlled the 'permissible circumstances, purposes, and scope of a search incident to arrest'" it declined to apply the statute to the facts in this case and instead decided the case on "the constitutional issue." *Julian*, 2012 WL 1759405, at *3. When it did this it impermissibly departed from longstanding precedent of this court. Since we decided *Anderson*, our decisions have consistently demonstrated the centrality of K.S.A. 22-2501 to issues involving searches incident to arrest. See *State v. Pettay*, 299 Kan. ___, Syl. ¶ 4, 326 P.3d 1039; *State v. Carlton*, 297 Kan. 642, Syl. ¶ 4; *State v. Dennis*, 297 Kan. 229, Syl. ¶ 5; *State v. Conn*, 278 Kan. at 391. As we stated in *Anderson*, in dealing with an issue involving a search incident to arrest "we need not discuss federal law further" as K.S.A. 22-2501, and not federal caselaw applying the Fourth Amendment, controls such searches. 259 Kan. at 22.

Regardless that the parties may have focused their arguments on Fourth Amendment caselaw, for the Court of Appeals majority to reject applying K.S.A. 22-2501 to resolve the case resulted in applying a clearly incorrect legal standard to the issue in this case. The statute in effect at the time of the search in this case did not allow for a search for evidence. By applying *Gant*, the Court of Appeals deprived Julian of a basic protection afforded to him according to Kansas law that was applicable at the time.

*The Search of Julian's Vehicle*

The broadened authority to search occasioned by the 2006 amendment to K.S.A. 22-2501(c); the United States Supreme Court redefining the permissible purposes of searches incident to arrest (embracing the idea that searches for evidence are allowed, but that the basis for such searches does not come from *Chimel*); and the determination by

13

this court, in light of *Gant*, that K.S.A. 22-2501(c) is facially unconstitutional, represent a confluence of events that has spawned a series of search incident to arrest cases before this court. To date, these cases include: *State v. Pettay*, 299 Kan. ___, 326 P.3d 1039; *State v. Carlton*, 297 Kan. 642; *State v. Karson*, 297 Kan. 634, 304 P.3d 317 (2013); *State v. Dennis*, 297 Kan. 229; *State v. Daniel*, 291 Kan. 490.

In all these cases, the sole basis offered to justify the search was that it was authorized as a search incident to arrest. In all of these cases, the court found K.S.A. 22-2501 governed the authority to search. In all of these cases, the purpose of the search in question was for discovery of evidence and not for officer safety or to prevent escape. The searches all involve facts where the search was conducted after the operative date of the amendment to K.S.A. 22-2501(c) but before the Supreme Court's decision in *Gant* or this court's decision in *Henning*. In *Daniel, Dennis*, *Karson*, and *Carlton*, this court determined that the search was illegal pursuant to *Gant*; however, it applied a good-faith exception to the exclusionary rule to save the search.

Most recently, in *State v. Pettay*, this court considered for the first time the authorized scope of a search incident to arrest under K.S.A. 22-2501. We held that a search for evidence in Pettay's vehicle after he had been arrested and secured away from the vehicle was outside the permissible scope of the statute as it was not a search of the area within the "immediate presence" of the person arrested. 299 Kan. ___, Syl. ¶ 5, 326 P.3d 1039.

In his petition for review, Julian argued that "any search under K.S.A. 22-2501 require [*sic*] the search to take place in 'the area within such person's immediate presence.'" Although Julian has argued the applicability of K.S.A. 22-2501 throughout

14

these proceedings, his argument has always been that the search was not conducted for one of the purposes the statute permitted. This is the first instance of Julian raising an issue regarding the scope of the search of his vehicle. This court will ordinarily not consider an issue that was not raised in the district court or before the Court of Appeals. No exceptions to this rule apply to this case.

The search of Julian's car took place on January 17, 2010. At that time K.S.A. 22-2501 governed the warrantless search of Julian's vehicle incident to his arrest. At the time of the search the only purposes authorizing a search incident to arrest pursuant to K.S.A. 22-2501 were officer safety or to prevent escape. Neither of those purposes applies to the search of Julian's vehicle. At the time of the search of Julian's vehicle, Kansas law did not permit a warrantless search incident to arrest for the purpose of discovering evidence.

Julian's case is the first search incident to arrest case this court has considered where the search was conducted (1) after the 2006 amendment to the statute, (2) after the United States Supreme Court's decision in *Gant*, and (3) prior to the 2011 repeal of K.S.A. 22-2501.

The sole basis offered to justify the search of Julian's car is as a search for evidence incident to arrest. The State's position, approved by the Court of Appeals, that *Gant* serves as authority permitting this search is unavailing. K.S.A. 22-2501 had not been repealed as of the time of the search of Julian's vehicle. Accordingly, K.S.A. 22-2501, and not Fourth Amendment caselaw, controlled the "permissible circumstances, purposes, and scope" of the search. *Conn*, 278 Kan. at 391.

15

The State has argued throughout this proceeding that *Gant* and *Henning* had the effect of reviving the pre-2006 version of K.S.A. 22-2501(c). Such an argument is untenable and has been specifically rejected by this court. See *Carlton,* 297 Kan. at 647.

No argument has been made that this case is subject to any exception to the exclusionary rule. At no time has the State argued that this case is subject to the good-faith exception to the exclusionary rule. Such an argument would be of no avail as this court has previously noted on multiple occasions such exception could only be considered to apply to searches conducted prior to the date *Gant* was decided. See *Carlton*, 297 Kan. at 646-47; *Karson*, 297 Kan. at 640; *Dennis*, 297 Kan. at 230; *Daniel*, 291 Kan at 493.

*Conclusion*

This was a warrantless search of a vehicle for evidence incident to arrest, conducted at a time when searches incident to arrest were governed in Kansas by statute, and the statute in effect at the time did not authorize searches for the purpose of discovering evidence. The search of Julian's vehicle was therefore illegal.

The judgment of the Court of Appeals reversing the district court is reversed. The judgment of district court is affirmed.

MORITZ, J., not participating.
DAVID J. KING, District Judge, assigned.[1]

[1]**REPORTER'S NOTE:** District Judge King was appointed to hear case No. 106,894 vice Justice Moritz pursuant to the authority vested in the Supreme Court by art. 3, § 6(f) of the Kansas Constitution.