NOT DESIGNATED FOR PUBLICATION

No. 114,132

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DIANA COCKRELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed July 22, 2016. Reversed and remanded.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BUSER and BRUNS, JJ.

*Per Curiam:* Diana Cockrell appeals her conviction and sentence for possession of methamphetamine. Cockrell contends the district court erred in denying her motion to suppress methamphetamine which was discovered in her pocket during a search incident to her arrest for domestic battery. In particular, Cockrell argues that the incriminating evidence should have been suppressed because her warrantless arrest was illegal due to the arresting officer's failure to comply with the requirements of K.S.A. 22-2401.

1

Upon our review of Cockrell's claim and the findings of the district court, we are persuaded that the search yielding the drugs was incident to an illegal arrest and, therefore, the district court erred in denying the motion to suppress evidence. Accordingly, we reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND

On May 4, 2014, Overland Park Police Officers Jeff Beatty, Joe Hernandez, and Michael Schmidt were on an unrelated call in the parking lot of an apartment complex when their attention was drawn to another area of the parking lot where Cockrell and Scott Hayes were arguing with each other. Both individuals were over the age of 18 and in a dating relationship while living together.

Officer Beatty observed Cockrell pick up "like a spray can type object" and appear to throw it at Hayes. Specifically, Officer Beatty testified that he was between 50 to 70 yards away from the couple when, "I saw the can leave her hand and fly towards [Hayes]. When it got around his chest level, it appeared to fall to the ground instead of continuing on past him." Officer Beatty acknowledged, however, that he could not definitely say the object struck Hayes. At the scene, Officer Beatty told Officers Hernandez and Schmidt what he saw.

Officer Hernandez testified that he observed Cockrell and Hayes arguing and Cockrell "throw a white cylindrical object" at Hayes. Officer Hernandez only witnessed the object in flight, however, and he did not see whether it hit Hayes. Officer Hernandez testified, however, that Officer Beatty told him "he had seen the object in the air and then stopped its flight when it hit the male subject."

2

For his part, Officer Schmidt testified that he saw Cockrell throw something that appeared to be an aerosol spray paint can at Hayes and observed it strike the ground near his feet but he did not see it strike Hayes.

After the officers discussed what they had observed, Officer Hernandez talked to Cockrell about the incident. Cockrell told the officer that she threw the object because she was mad at Hayes. Officer Hernandez did not ask Cockrell whether the object struck Hayes, and she did not admit that it hit him. Moreover, Officer Hernandez' report did not indicate there was any physical contact between Cockrell and Hayes.

Following his brief investigation, Officer Hernandez arrested Cockrell for domestic battery against Hayes. During a search incident to Cockrell's warrantless arrest, officers found a small baggie of methamphetamine in her pocket.

On May 5, 2014, Cockrell was charged with possession of methamphetamine in violation of K.S.A. 2015 Supp. 27-5706(a), and domestic battery in violation of K.S.A. 2015 Supp. 21-5414. Subsequently, Cockrell filed a motion to suppress the evidence of methamphetamine found during the search incident to her arrest because she claimed the search violated her rights under K.S.A. 22-3216, the Fourth Amendment to the United States Constitution, and § 15 of the Kansas Constitution Bill of Rights.

In her motion to suppress, Cockrell cited K.S.A. 22-2401(c)(2) which generally provides that an officer may make a warrantless arrest if the officer has probable cause to believe a person is committing or has committed a misdemeanor *and* probable cause to believe (A) the individual will not be apprehended or evidence will be lost unless the person is immediately arrested; (B) the individual may injure themselves or others or damage property unless immediately arrested; or (C) the person has intentionally inflicted bodily harm upon another. Cockrell then asserted:

3

"The facts demonstrate that Officer Hernandez did not have probable cause to arrest Ms. Cockrell for domestic battery. Beyond the obvious fact that no physical contact occurred during the incident, officers saw no physical injury. No evidence would be irretrievably lost either. Finally, no instances of aggressive behavior were listed by Officer Hernandez. In fact, he noted in his report that Ms. Cockrell was 'cooperative while being taken into custody.'"

The State filed a response to Cockrell's motion to suppress. In it, the State asserted:

"The officers had probable cause to arrest the defendant for domestic battery once an officer observed the can appear to hit Mr. Hayes. Whether the can actually hit Mr. Hayes in a rude or insulting manner, or any conflicting observations of the officers, is a question of fact for the jury to resolve."

Other than contesting Cockrell's claim that there was insufficient probable cause to believe she was committing a crime, the State did not address whether there was probable cause to establish if any of the three factors listed in K.S.A. 22-2401(c)(2) applied to justify a warrantless misdemeanor arrest under Kansas law.

On October 10, 2014, the district court held an evidentiary hearing on the motion to suppress evidence. As summarized earlier, Officers Beatty and Hernandez testified for the State. For the defense, Officer Schmidt and Hayes were called to testify.

Hayes testified that at the time the officers observed the couple in the parking lot, they were having a dispute about when to leave for their second jobs. Cockrell wanted to leave right then, and Hayes wanted to wait awhile. The couple had been having this discussion inside their apartment before Cockrell went out to unload the trunk of her car. Hayes went outside to tell Cockrell that he would leave then if she wanted. Cockrell had been out of town, and Hayes remembered saying something like, "Thought you would be

4

more happy [*sic*] to see me." He heard Cockrell respond, "You don't have to be a jerk." The police officers then approached the couple.

Hayes testified that when the officers approached, he was walking away from Cockrell and was unaware that she had thrown anything at him. The officers eventually pointed to the aerosol can on the ground. He did not recall any officer asking him whether he had been hit by the object. Hayes told the officers that nothing had happened, he and Cockrell were not fighting, and he was not afraid during or after the incident.

At the conclusion of the hearing, the district judge ruled from the bench:

> "The question comes down to solely was there probable cause to make the arrest or not. And the Court has heard testimony of Officer Beatty that he saw the defendant throw a can at the alleged victim in this case and it appeared to strike the victim. And I think, based upon that, the Court finds that there was probable cause to make the arrest and will deny defense motion."

Cockrell waived her right to a jury trial and proceeded to a bench trial based on stipulated facts, which included testimony from the suppression hearing. Upon its review of the evidence, the district court found Cockrell guilty of possession of methamphetamine but not guilty of domestic battery. On April 22, 2015, Cockrell was sentenced to 12 months' probation with an underlying 10-month prison sentence. Cockrell filed a timely notice of appeal.

THE LEGALITY OF THE MISDEMEANOR ARREST

On appeal, Cockrell reprises her argument made in the district court that her warrantless arrest was illegal because it did not comply with K.S.A. 22-2401(c)(2). As a consequence, she argues that the officer's search of her pocket and seizure of the methamphetamine incident to that arrest was also illegal and the contraband should have

been suppressed. Cockrell presents a two-fold argument. First, she asserts that because no officer actually saw the aerosol can she threw at Hayes strike him, the officers did not have probable cause to arrest her for domestic battery. Second, she maintains the State failed to prove any one of the three factors necessary for a warrantless misdemeanor arrest as set forth in K.S.A. 22-2401(c)(2)(A)-(C).

For its part, the State maintains the district court's ruling denying suppression of the evidence was correct because "the evidence established that she threw an aerosol can which struck the victim." The State also responds that, with regard to K.S.A. 22-2401(c)(2)(B), because Cockrell "committed a battery against Mr. Hayes, the officers had sufficient information to be concerned that she might again batter him if she was not arrested." Alternatively, the State justifies the arrest under a different subsection, K.S.A. 22-2401(d), which generally allows an officer to arrest an individual without a warrant for any crime that "has been or is being committed by the person in the officer's view."

Preliminarily, it is necessary to summarize our standards of review. Appellate courts review a district court's decision on a motion to suppress by first determining whether substantial competent evidence supports the district court's factual findings without reweighing the evidence or assessing the credibility of witnesses. Second, appellate courts apply an unlimited standard of review to the ultimate legal conclusions drawn by the district court from those factual findings. *State v. Reiss*, 299 Kan. 291, 296, 326 P.3d 367 (2014). Substantial evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012). When the material facts to a trial court's decision on a motion to suppress evidence are not in dispute, the question of whether to suppress is a question of law over which this court has unlimited review. *State v. Martinez*, 296 Kan. 482, 485, 293 P.3d 718 (2013).

As a general rule, any warrantless search is unreasonable unless it falls within one of the exceptions to the search warrant requirement recognized in Kansas, which includes a search incident to a lawful arrest. See *State v. Neighbors*, 299 Kan. 234, 239, 328 P.3d 1081 (2014); *State v. Carlton*, 297 Kan. 642, 645-46, 304 P.3d 323 (2013); accord *Arizona v. Gant*, 556 U.S. 332, 338, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009). The State has the burden to prove that a warrantless search and seizure was lawful. *Neighbors*, 299 Kan. at 240.

The crux of this appeal is whether the warrantless arrest of Cockrell complied with the provisions of K.S.A. 22-2401(c)(2). Both parties' briefing presumes that if the arrest was lawful, the search incident to that arrest was lawful. Similarly, if the arrest was unlawful, then the search incident to that arrest was unlawful and the contraband should have been suppressed pursuant to the exclusionary rule. See *State v. Daniel*, 291 Kan. 490, 496, 242 P.3d 1186 (2010), *cert. denied* 563 U.S. 945 (2011).

K.S.A. 22-2401 states in relevant part that a law enforcement officer may arrest a person when:

"(c) The officer has probable cause to believe that the person is committing or has committed:
(1) A felony; or
(2) a misdemeanor, and the law enforcement officer has probable cause to believe that:
(A) The person will not be apprehended or evidence of the crime will be irretrievably lost unless the person is immediately arrested;
(B) the person may cause injury to self or others or damage to property unless immediately arrested; or
(C) the person has intentionally inflicted bodily harm to another person.
"(d) Any crime, except a traffic infraction or a cigarette or tobacco infraction, has been or is being committed by the person in the officer's view."

7

Before the district court and on appeal, both parties have disagreed regarding whether the officers, either individually or collectively, had probable cause to arrest Cockrell for domestic battery. Since there was no definitive eyewitness proof that the aerosol can thrown by Cockrell actually struck Hayes, the critical dispute is whether there was sufficient evidence to constitute a probable cause belief that a battery actually occurred.

It is well-settled law:

> "To lawfully arrest a person without a warrant, the officer must have probable cause. Probable cause exists when the officer's knowledge of the events creates a reasonable belief that the defendant has committed a specific crime, but it does not require that the officer have evidence of every element of the crime. In evaluating whether an officer has probable cause, the court considers the totality of the circumstances, given the information and fair inferences therefrom, known to the officer at the time of the arrest." *State v. Kraemer*, 52 Kan. App. 2d 686, Syl. ¶ 1, 371 P.3d 954 (2016).

In our view, this dispute is easily resolved. Considering the collective observations of the three officers at the scene, we find there was sufficient, competent, direct, and circumstantial evidence to establish probable cause that Cockrell committed domestic battery on Hayes. In particular Officer Beatty's observation that "[w]hen [the aerosol can] got around his chest level, it appeared to fall to the ground instead of continuing on past him" results in a reasonable, common-sense belief—for purposes of evaluating probable cause—that the aerosol can actually struck Hayes. The district court's legal conclusion that there was probable cause to arrest Cockrell for domestic battery was proper and supported by the evidence.

This finding, however, does not end the inquiry. In the district court and on appeal, Cockrell has complained that even if there was probable cause to believe she committed

domestic battery, there was no finding by the district court or evidence to show that the officers had probable cause to believe that one or more of the three factors listed in subsections K.S.A. 22-2401(c)(2)(A),(B), or (C) justified her warrantless arrest. We agree.

In order to effect a valid warrantless arrest for committing a misdemeanor in Kansas under K.S.A. 22-2401(c), an officer must not only have probable cause to believe the person is committing or has committed a misdemeanor, the officer must *also* have probable cause to believe either:

> "(A) The person will not be apprehended or evidence of the crime will be irretrievably lost unless the person is immediately arrested; (B) the person may cause injury to self or others or damage to property unless immediately arrested; or (C) the person has intentionally inflicted bodily harm to another person." K.S.A. 22-2401(c)(2)(A),(B), and (C).

The State focuses its argument on the second factor. It highlights some evidence that it asserts, under K.S.A. 22-2401(c)(2)(B), is sufficient to show the officers had probable cause to believe that Cockrell "may continue to cause injury to Mr. Hayes." The State notes:

> "Ms. Cockrell was angry with Mr. Hayes. She, in fact, physically struck out against him. Officers are never required to know the future. They are, however, allowed to use the present actions to predict what Ms. Cockrell might have done had they not arrested her. Because she committed a battery against Mr. Hayes, the officers had sufficient information to be concerned that she might again batter him if she was not arrested."

We have no quarrel with the State's argument except that none of the officers testified that they believed Cockrell may cause injury to Hayes unless immediately

9

arrested. Moreover, the district court made no factual findings that there was evidence in support of K.S.A. 22-2401(c)(2)(B) or the other two statutory factors. Similarly, the district court made no conclusions of law regarding whether the officers had probable cause to believe that any of these three factors were applicable to the circumstances of Cockrell's misdemeanor arrest. Lastly, our independent review of the record convinces us there was no testimony from any officer indicating a probable cause belief regarding any of the three statutory factors. For a warrantless misdemeanor arrest to be legal under K.S.A. 22-2401(c)(2)(A),(B), or (C) there must be proof of probable cause to believe that one of the three factors listed in the statute was present at the time of the arrest. On this record, the State has failed to make a showing that any of the three factors were applicable to justify the warrantless arrest.

Finally, the State argues, in the alternative, that the requirements of K.S.A. 22-2401(c)(2) did not have to be met in order to establish the lawfulness of the arrest. The State asserts that "the misdemeanor was committed in [the officers'] presence. K.S.A. 22-2401(d) allows officers to arrest an individual for any crime, except a traffic infraction or a cigarette or tobacco infraction that has been or is being committed in the officer's presence." Cockrell counters that K.S.A. 22-2401(d)—which does not mention probable cause—does not apply because the district court would have had to have found that the officers saw Cockrell actually committing a crime.

K.S.A. 22-2401(d) provides that an officer may arrest a person when "[a]ny crime, except a traffic infraction or a cigarette or tobacco infraction, has been or is being committed by the person in the officer's view." But the district court did not find that the officers saw Cockrell committing the crime. Rather, the district court only determined that the officers had probable cause to believe that Cockrell committed the crime. And the district court also did not make conclusions of law regarding the applicability of K.S.A. 22-2401(d), which leaves us questioning whether the district court even

10

considered that particular subsection in making its suppression ruling. Given the lack of a record, the State's argument lacks merit.

In summary, we hold the district court erred in denying Cockrell's motion to suppress evidence of methamphetamine found in her pocket because the search which resulted in the discovery of the contraband was incident to an illegal arrest due to the officers' failure to comply with the requirements of K.S.A. 22-2401(c)(2).

Reversed and remanded.