NOT DESIGNATED FOR PUBLICATION

No. 114,862

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATRICK L. ROMANS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Greenwood District Court; JANETTE L. SATTERFIELD, judge. Opinion filed June 9, 2017. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*:  Patrick L. Romans appeals his convictions for 17 counts of sexual exploitation of a child, arguing the district court erred in denying his motion to suppress evidence.

FACTUAL AND PROCEDURAL BACKGROUND

Romans worked as a law enforcement officer for the Greenwood County Sheriff's Office from 2003 to 2012. On January 26, 2012, Romans was placed on administrative leave due to an internal investigation, and he resigned on February 24, 2012. On February

25, 2012, Deputy Josh Nelson was asked to clean out Romans' former office and to look for items relating to open cases that he would be taking over. Deputy Nelson looked for items he believed to be Romans' personal belongings. He found a coffee mug, some insurance documents, and birth certificates for Romans' children, and the deputy took the items to Romans' home. Deputy Nelson asked Romans whether there were any other items he wanted from his office. Romans stated there was a cell phone charger for his personal cell phone. Deputy Nelson brought Romans the charger. Thereafter, Deputy Nelson believed Romans had everything he wanted from the office.

After returning from Romans' home, Deputy Nelson again went into Romans' former office. He looked for paperwork related to open cases, documents that needed to be filed or destroyed, and bills or other items that needed to be turned over to the sheriff. Deputy Nelson found a rape kit sitting on a shelf and drug paraphernalia in a drawer. He also found a black portfolio emblazoned with the Kansas Narcotics Officers Association logo next to the computer monitor. Inside the portfolio, the deputy found an incident report from a pending rape case Romans had been investigating. He also found some CD-R disks, yellow notebook paper, and notes behind the incident report. Deputy Nelson put one of the CD-R discs into the computer to see if it contained anything relating to an open case. A window popped up automatically, which showed thumbnail images of unclothed adolescent girls. Deputy Nelson then called the sheriff and turned over the items.

Agent Katie Whisman of the Kansas Bureau of Investigation became involved in the investigation. She spoke to Romans' ex-wife, Brooke Romans. Brooke indicated she had previously located pornography on a personal computer used by Romans, including images of a female who appeared to be 15 or 16 years old. Whisman asked whether she could search the computer, and Brooke consented. Brooke later contacted Whisman indicating she wanted the computer back to retrieve personal photos she had stored on it. Whisman interpreted this as a withdrawal of consent and obtained a warrant to search the

2

computer. A search of the computer revealed images of children engaged in sexually explicit conduct.

The State charged Romans with 20 counts of sexual exploitation of a child. Prior to trial, Romans filed a motion to suppress all evidence obtained as a result of the search of his former office and portfolio. The district court denied his motion, finding Romans did not have an objectively reasonable expectation of privacy. The district court found the search of the office and portfolio was not investigatory in nature and was reasonable under the circumstances. The case proceeded to a bench trial on stipulated facts. The district court found Romans guilty of 17 counts of sexual exploitation of a child, and he was sentenced to a total controlling sentence of 32 months' imprisonment. Romans timely filed a notice of appeal.

## ANALYSIS

Romans argues the search of the black portfolio found in his former office was unlawful, thereby invalidating all evidence subsequently obtained as a result thereof. In reviewing the granting or denial of a motion to suppress evidence, the court determines whether the factual findings underlying the district court's suppression decision are supported by a substantial competent evidence standard. The appellate courts do not reweigh the evidence or reassess the credibility of the witnesses. The ultimate legal conclusion drawn from those factual findings is reviewed under a de novo standard. *State v. Carlton*, 297 Kan. 642, 645, 304 P.3d 323 (2013).

*Romans lacked an objectively reasonable expectation of privacy.*

To establish a legitimate expectation of privacy, a defendant must demonstrate a subjective expectation of privacy in the area searched, and the expectation must be objectively reasonable. *State v. Robinson*, 293 Kan. 1002, 1014, 270 P.3d 1183 (2012).

3

Here, the portfolio was found in Romans' former office. Romans was no longer an employee of the sheriff's office and therefore no longer had access or control over the office. Romans had not attempted to remove the portfolio prior to his resignation. When Deputy Nelson met with Romans he indicated he had a cell phone charger in his office but did not mention the portfolio. The portfolio was kept out in the open next to the computer monitor and was emblazoned with a law enforcement-related logo. There is nothing in the record suggesting there were any markings on the portfolio indicating it belonged to Romans. Inside the portfolio were various work-related items, including an incident report from an ongoing rape case. The portfolio was clearly being used for work purposes. Although it appears Romans had a subjective expectation of privacy in the portfolio, his expectation is not objectively reasonable.

*The evidence obtained from Romans' portfolio was not the result of an investigatory search.*

Even if Romans had a reasonable expectation of privacy to the portfolio, the search was for a noninvestigatory, work-related purpose and was therefore reasonable.

> "[P]ublic employer intrusions on the constitutionally protected privacy interests of government employees for noninvestigatory, work-related purposes, as well as for investigations of work-related misconduct, should be judged by the standard of reasonableness under all the circumstances. Under this reasonableness standard, both the inception and the scope of the intrusion must be reasonable." *O'Connor v. Ortega*, 480 U.S. 709, 725-26, 107 S. Ct. 1492, 94 L. Ed. 2d 714 (1987).

In essence, this is a case of an employer cleaning out the office of a former employee. Deputy Nelson was looking for documents relating to ongoing department investigations. The search was noninvestigatory in nature and was being done for work-related purposes. Accordingly, the intrusion was reasonable at its inception. See *O'Connor*, 480 U.S. at 726 ("Ordinarily, a search of an employee's office by a supervisor

4

will be 'justified at its inception' when . . . the search is necessary for a noninvestigatory work-related purpose such as to retrieve a needed file.").

The search will be permissible in scope when the measures adopted are reasonably related to the objectives of the search and are not excessively intrusive. *O'Connor*, 480 U.S. at 726. The portfolio was emblazoned with a law enforcement-related logo and was kept near Romans' computer. Based on its size, location, appearance, and intended use, it was objectively reasonable to believe the portfolio could contain documents related to ongoing department investigations. When Deputy Nelson opened the portfolio he found an incident report related to an ongoing rape case. The deputy then decided to check the contents of one of the CD-R disks to determine if it was also related to an ongoing investigation. When he inserted the disk into the computer a window popped up automatically revealing thumbnail images. Deputy Nelson did not perform any further search of the disk, and he then turned over the contents of the portfolio to the sheriff.

The intrusion was minimal. Based on finding the incident report in the portfolio, it was reasonable for Deputy Nelson to check to see if the disks were also related to ongoing investigations; thus, the scope of the investigation was reasonable. The district court properly denied Romans' motion to suppress evidence.

Affirmed.